YAZOO & MISSISSIPPI VALLEY RAILROAD CO. v. WIRT ADAMS, STATE REVENUE AGENT.

1. TAXATION. *Railroads. Parties. Code* 1892, *§* 3746.

To a proceeding to foreclose the lien for taxes arising under § 3746, code 1892, a railroad company which has a majority of the stock and bonds, together with a majority representation in the directory of the company claiming the property sought to be subjected, is both a proper and necessary party.

2. SAME. *Railroad commissioners. Assessment. Appeal. Constitutional law. Code* 1892, *§§* 3875–3886, *inc. Laws* 1894, *pp.* 29–31, *inc. Const.* 1890, *sec.* 112. *Ib., sec.* 14. *Const. U. S., Amend. XIV.*

In view of sec. 112, const. 1890, authorizing the legislature to provide a special mode of valuation and assessment for railroads, code 1892, §§ 3875–3886, inc., and the act of 1894 (Laws, p. 29), which provide for their assessment for back taxes by the state railroad commission, without appeal, do not violate the constitutional provisions providing for uniformity and equality of taxation, prohibiting the deprivation of property without due process of law, and guaranteeing to every citizen the equal protection of the laws, although other taxpayers may, under general laws, appeal from the tribunal fixing their taxes.

3. SAME. *Railroad commission. Assessment. Collateral attack.*

Only for fraud can an assessment for back taxes by the state railroad commission be attacked collaterally.

FROM the chancery court of Hinds county, first district.

HON. HENRY C. CONN, Chancellor.

This was a proceeding to enforce a lien for taxes for the years 1886-1891, inclusive, on what was formerly the property of the Louisville, New Orleans & Texas Railway Co., in the hands of the appellants, the Yazoo & Mississippi Valley and Illinois Central Railroad Companies. The appellee, the state revenue agent, had previously instituted before the state railroad commission a proceeding to have the railroad property which

had been the property of the Louisville, New Orleans & Texas
Railway Co. assessed for taxation, for the years above men-
tioned, as property which had escaped taxation for want of an
assessment. In such proceeding notice was served upon the
Yazoo & Mississippi Valley Railroad Co. as the successor of
the Louisville, New Orleans & Texas Railway Co., and also
upon the Illinois Central Railroad Co. This effort to secure
an assessment was enjoined on the ground that the railroad
commission had no authority to assess taxes for any year prior
to the year 1892, when they were, for the first time, made
assessors of railroad taxes, and the statute did not contemplate
any assessments for years prior to that date by them. The in-
junction was dissolved, and the railroad commission proceed-
ed and made the assessment in accordance with the demand
of the revenue agent, and from the order making same the rail-
road companies took an appeal to the circuit court of Hinds
county. Thereupon the revenue agent filed the bill in this
cause setting forth the assessment made, and praying a decree
for the amount of taxes, and the establishment of a lien, and
a sale of the railroad property if the taxes were not paid
accordingly. He set forth the consolidation of 1892, and
showed how it was that the Yazoo & Mississippi Valley Rail-
road became the successor of the Louisville, New Orleans &
Texas Railway, and alleged that the former company was
then the holder of the property sought to be subjected. The
bill made the Illinois Central Railroad Co. a party defend-
ant, as well as the Yazoo & Mississippi Valley Railroad Co.,
averring their interest in the property, and also averring that
the Illinois Central Railroad Co. had assumed to pay the taxes
assessed. It alleged that the Illinois Central Railroad Co. was
the owner of all the stock of the Yazoo & Mississippi Valley
Railroad Co., and of a majority of the stocks and bonds of the
Louisville, New Orleans & Texas Railroad Co., the latter stock
being in the name of the Mississippi Valley Railroad Co., of
which the Illinois Central Railroad Co. owned all the stock.

To this bill the Yazoo & Mississippi Valley Railroad Co. interposed a plea, to the effect that the suit was prematurely brought, inasmuch as there was an appeal still pending and undetermined in the circuit court from the order, of assessment. The Illinois Central Railroad Co. demurred to the bill, on the ground 'that the same did not show any liability on. that company, nor any reason for making the same a party defendant. At a later date the Yazoo & Mississippi Valley Railroad Co. filed a further plea, setting forth the fact that the circuit court had dismissed the said appeal on the ground that the same was not authorized by law, and that tha said court had no jurisdiction thereof, and averring that the provisions of the code of 1892, from § 3875 to § 3886, and the act of 1894, in so far as the same authorized assessment for back taxes to be made against the. railroads by said railroad commission, and authorized suits to be instituted thereon by the revenue agent, were unconstitutional and void. The Illinois Central Railroad Co. filed also an additional demurrer, raising the point that the act of 1894 was unconstitutional and void because the same violated sections 14 and 112 of the constitution of the state of Mississippi, and the fourteenth amendment to the constitution of the United States. The court below overruled these demurrers, and held these pleas insufficient, and ordered the defendants to answer; whereupon the defendants prosecuted separate appeals.

*Mayes & Harris,* for appellants.

The bill shows no title in the property sought to be subjected, either legal or equitable, in the Illinois Central Railroad Co. The question comes to this: In a bill filed for the purpose of asserting a tax lien against the property of an incorporation, duly incorporated under the laws of the state, in possession of that property and operating the same, is it proper to make a party thereto a stockholder of the corporation and a holder of some of the bonds of the corporation? We contend that

it is not. The corporation itself fully represents all the parties in interest. The court will observe that it has the title to the property, so far as this bill shows, both legal and equitable. The bill seeks to deal only with the property, and the Yazoo & Mississippi Valley Railroad Co., being properly summoned into court, represents all of its stockholders. If there is any reason why the Illinois Central Railroad Co., as a stockholder, should have been made a party to this bill, then, by parity of reasoning, every other stockholder should be made a party, and the record would be greatly incumbered.

So far as the holding of Louisville, New Orleans & Texas Railway bonds by the Illinois Central Railroad Co. is concerned it is not properly made a party on that account. The averment of the bill simply leaves the case in such attitude as that the Illinois Central Railroad Co. is alleged to be a creditor of the Louisville, New Orleans & Texas Railway Co. It does not aver that the bonds held by it are secured by any mortgage, or constitute any lien on the railroad which is sought to be subjected to these taxes, or any other railroad of the Louisville, New Orleans & Texas Railroad Co. And if such an averment had been incorporated into the bill, even then the proper party to have been brought in as defendant to represent the interest of mortgage bondholders would have been the trustee of the mortgage by which the bonds were secured.

In support of the foregoing proposition generally, we cite the following authorities: Story's Equity Pleading, secs. 226, 227; *Foster* v. *Railroad Co.,* 36 Fed. Rep., 627; *Shaw* v. *Railroad Co.,* 100 U. S., 605; 5 Monroe, 194; 2 Johnson's Ch., 197.

The so-called assessment made by the railroad commission, as stated in the original bill, was a nullity, for the reason that the statute appointing the said railroad commission to be assessors of railway property is void, being contrary to the provisions of § 112 of the constitution of the state. Sec. 112, so far as material, is as follows: "Taxation shall be uniform and equal throughout the state. Property shall be taxed in pro-

portion to its value. . . . Property shall be assessed for
taxes under general laws, and by uniform rules, according to
its true value. But the legislature may provide for a special
mode of valuation and assessment for railroads, and railroad
and other corporate property, or for particular species of prop-
erty belonging to persons, corporations or associations not situ-
ated wholly in one county," etc.

The controlling provisions in this section are, first, that prop-
erty shall be assessed under general laws, and by uniform rules,
according to its true value, and, secondly, that the legislature
may provide for a "special mode and valuation and assessment
for railways," etc.

We contend that the uniformity rule for assessment does
not permit the important and critical and delicate function
of assessing property for taxation to be so managed by the leg-
islature as to commit the assessment of some sorts of property
to one body, and the assessment of other sorts of property to a
different body. Such a distribution and separation of the
power of assessment is not assessment by uniform rule within
the purview of the constitutional provisions, especially when
it is remembered that the constitution, in § 135, expressly pro-
vides for an assessor, to be selected in a manner provided by
law, for each county, and these assessors and the board of rail-
road commissioners are elected by a different constituency, the
one being county officers, and the other being state officials. It
must be remembered, also, that the constitution contemplates
that assessments shall be made for taxation by the assessor pro-
vided for in the constitution. See *French* v. *State,* 52 Miss.,
759; *State* v. *Tonella,* 70 Miss., 701.

Nor does the provision that "the legislature may provide for
a special mode of valuation and assessment for railroads" au-
thorize the commitment of such assessment and valuation to the
railroad commission. The section, as a whole, provides that
property shall be assessed by uniform rules, according to its
true value, and the further provision that a "special mode of

valuation and assessment may be provided for" does not authorize a valuation and assessment by a different body of assessors. The word "mode" means "manner of doing or being; method; form; fashion; custom; way; style." . See Webster's Dictionary. It does not import that this function can be committed to a separate body of assessors, but only means that the constitutional assessors may make their assessment, if the law shall so provide, in a manner different from that in which they assess property lying wholly within the limits of a county, and may make their valuation in a different manner.

The subject of assessing property which lay partly in one county and partly in another, and which was of such nature that it was not plainly and simply partable by county lines, had long been a subject which had given the legislature and officers of the state considerable trouble, and about which the courts had frequently been concerned. It was to this difficulty that the provision in the constitution for a special mode of valuation and assessment of such property, including railroads, was directed.

It cannot be said that the commitment of the assessment of railroad property to the county assessors would lead to inequality in this, that different county assessors would place different values upon railroad property in different counties, and, therefore, that the property would be valued on a higher basis in one county than in another county. That proposition would be more plausible than sound, for the reason that it is the amount of tax which the railroad property in a certain county is called upon to pay, as compared with the amount of tax which other property in the same county is called upon to pay, that is the material point. It makes no substantial difference to the railroad company if its property lying in Hinds county is assessed at full value while its property lying in Copiah county is assessed at two-thirds, provided all other property in Hinds county is assessed at full value, and all other property

77 Miss.—49

in Copiah county is assessed at two-thirds. The substantial violation of the rule against uniformity and equality comes in where railroad property in a certain county is assessed for county and other purposes on one basis of valuation, and other property in the same county is assessed on a different basis of valuation. As we have already pointed out, this evil is almost certain to result in a case where the assessment is made by two different tribunals, having no relation to each other and no connection with each other whatever.

We claim, in support of the pleas of the Yazoo & Mississippi Valley Railroad Co., that if it be true that this act does not allow the right of appeal to the circuit court from an assessment made by the railroad commission under the act of 1894, that it is unconstitutional, because it violates § 14 of the constitution of the state of Mississippi and the fourteenth amendment to the constitution of the United States, not being due process of law and not affording the equal protection of the law.

We are perfectly aware that counsel will argue that an appeal is not a matter of right, that no person is entitled to an appeal from the decision of a court or authorized tribunal unless the legislature shall grant one. We do not controvert that proposition. That is not our point. The point is, that it is not due process of law, and not equal protection of the law, to grant an appeal to one class of litigants and to deny it to another without any substantial reason or basis therefor. Why is such a discrimination? The legislature had a right to provide that no assessee for taxation should have any appeal to the circuit court, and it could have denied such an appeal simply by failing to grant it. Such would have been its power, but when it grants such an appeal as to property of one sort, and denies it as to property of another, it is making an unconstitutional and unauthorized discrimination.

As the case now stands, according to the decision of the circuit court, the ordinary taxpayers of the state cannot pay taxes

unless the assessment against them, in case they object to it, is approved on a full examination of all the facts as well as the law, by the judicial department of the state as embodied in the circuit court, while another class of taxpayers are excluded from any appeal to the judicial department as to the fact involved in their case, and must stand or fall, so far as those questions of fact are concerned, which the assessing board is authorized to investigate on the determination of that board without any judicial review whatever. This is especially objectionable when it is remembered that the board authorized to make the assessment is not required to be composed of lawyers, and it is not given the sufficient and adequate machinery provided by law to the circuit court for the determination of intricate and complicated questions of fact and intricate and complicated questions of mixed fact and law. In this connection we call the attention of the court to the case of *Railroad Co.* v. *Moss,* 60 Miss., 641, in which case the court held that the act of 1882, p. 110, which provided that whenever an appeal is taken in an action for damages brought by a citizen of this state against a corporation, attorney's fees for the appeal should be assessed and included in the judgment, if affirmed, was unconstitutional as discriminating between classes of litigants, they held that it was not due process of law. Manifestly, it is also a denial of equal protection of the laws.

*Critz, Beckett & Kimbrough,* for appellee.

The bill charges that the Illinois Central Railroad Co. is the owner of the majority of the stock and bonds of the Yazoo & Mississippi Valley Railroad Co., and also has a majority of its directors. This not only gives it a right to the controlling interest, but the actual control. In other words, laying all fine-spun theories aside, they are in possession, and the party in possession is always a proper party to a suit to enforce a lien on the thing possessed. We are not trying to force them to comply with their contract. We are simply trying to enforce

a lien on the property.   Code 1892, § 3746; code 1880, § 470; Story Eq. Pl., secs. 193, 389, 392, 392 (a).

The Illinois Central Railroad Co. have placed themselves in this litigation in a position where they are estopped to set up any such contention.   They joined with the Yazoo & Mississippi Valley Railroad Co., and filed a bill against us to enjoin the making of this very assessment, and when it is made and we sue on it, they solemnly claim, on demurrer, that they have no interest.   They cannot blow hot and cold.   They may have had a right to stay out of the litigation, but, having brought themselves into it by the bill for injunction, an affirmative act on their part, they cannot get out of it on demurrer.   Let them file an answer disclaiming any interest, and we will dismiss as to them on the spot.

Sec. 112 of the constitution says: "But the Legislature may provide for a special mode of valuation and assessment of railroads, and railroad and other corporate property, etc., not situated wholly in one county."   But even without this express authority, it has been repeatedly held that assessments identical with the one at bar, by a special tribunal, and where no appeal was allowed, while appeals were allowed to individuals, is both constitutional, and valid, on the ground that an appeal is not a matter of right, that a party is entitled to one trial, and only one, as a matter of law, and could not legally complain because the legislature saw fit, *ex gratia.* to extend appeals to others. The leading case is the first below: *Pittsburg* v. *Backus,* 154 U. S., 425-427; *Winona* v. *Minnesota,* 159 U. S., 533-538; *Fallbrook* v. *Bradley,* 164 U. S., 156-158, 167-170; *Adams Express Co.* v. *Ohio,* 165 U. S., 228, 229; *L. & N. Railroad Co.* v. *Louisville,* 166 U. S., 714; *Bridges* v. *Supervisors,* 57 Miss., 252, 254.

An appeal being entirely dependent on statute, it of necessity follows that any statute granting an appeal must be in express terms, and must specify the court or tribunal to which the ap-

peal is to be taken, and there is no appeal allowed in any case from the state railroad assessors either in the code of 1892, §§ 3875-3886, or in the revenue agent act, acts 1894, p. 29-31, and there is no court designated to which an appeal could be taken. This is a case of back taxes. It is a case where assessments have failed to be made.

When the determination of a fact, necessarily involved in an inquiry, is submitted by law to the tribunal having jurisdiction in the premises, the determination of that fact is a judicial function, and the finding of the tribunal cannot be collaterally attacked. We need not go so far in this case, for in this case the fact to be determined was whether the Louisville, New Orleans & Texas Railway Co. had, as a matter of fact, been able to pay the dividend of eight per cent., etc., but the authorities all sustain the doctrine that the rule holds good even when the question to be determined is exemption or no exemption. A case exactly in point on these back taxes, where notice was required to be given, like the one at bar, is *Louisville Water Co.* v. *Clark,* 94 Ky., 47. And generally the decisions of the assessing boards on all questions of fact, in the absence of fraud, are binding, and this equally extends to cases where the question whether property is exempt or not depends on a question of fact. *Stanley* v. *Supervisors,* 121 U. S., 535; *Williams* v. *Supervisors,* 122 U. S., 154; *Winona* v. *Minnesota,* 159 U. S., 534-538; *Falbrook* v. *Bradley,* 164 U. S., 167-170; *Anderson* v. *Ingersoll,* 62 Miss., 74, 75; *Investment Co.* v. *Suddoth,* 70 Miss., 423. See, also, especially Throop Pub. Officers, sec. 541 and cases: *Railway Co.* v. *Backus,* 133 Ind., 513; *Youngston* v. *Kentucky,* 64 Fed Rep., 441. And the decision of the assessing board is binding in all matters on which they are authorized to act and decide, including the legal right to exemptions. Cooley on Tax., p. 749, note; 2 Desty. on Tax., p. 625, note 2; Burroughs on Tax., p. 238, sec. 102; 2 ed. Black (not Blackwell) on Tax Titles, sec. 175; 25 Am. & Eng. Enc. L., p. 236. And

in such cases certiorari is the exclusive remedy. *Palmer* v. *McMahon,* 135 U. S., 665; *Boston* v. *Park,* 19 Am. Dec., 332; *State* v. *Springer,* 134 Mo.. 212.

It is true this court held in *Horne* v. *Green* that the decision of the board of supervisors was not conclusive on the question of exemption in assessments for current taxes "under statutory or constitutional provisions," but they place it on the ground that "it was not the intention of the legislature to submit such questions as these, without review, to the exclusive decision of a board of supervisors." 52 Miss., 456, 457. But in the case at bar it is not current taxes. It is back taxes. It is the state railroad assessors, and there does appear to be an intention of the legislature to submit this very thing to the decision of the railroad assessors. Acts 1894, sec. 4, p. 30.

Argued orally by *Edward Mayes,* for the appellant, and by *R. C. Beckett,* for the appellee.

WHITFIELD, J., delivered the opinion of the court.

The bill charges that the Illinois Central Railroad Co. is the owner of the majority of the stock and bonds of the Yazoo & Mississippi Valley Railroad Co., and has also a majority of its directors. Practically and substantially, therefore, the Illinois Central Railroad Co. has an actual controlling interest in the Yazoo & Mississippi Valley Railroad Co., and, to all intents and purposes, is in possession of its property. That is the real situation, and it is, through all forms, to the substance that courts look. Besides, it sufficiently appears that the Illinois Central Railroad Co. is a large bondholder of the Yazoo & Mississippi Valley Railroad Co., and so entitled to redeem. *Keokuk & W. Railroad Co.* v. *Scotland Co.,* 152 U. S., 326. If, in truth, the Illinois Central Railroad Co. had no interest, what was easier than to file a disclaimer? On the contrary, the exhibit to the bill shows that the Illinois Central Railroad Co. joined with the Yazoo & Mississippi Val-

ley Railroad Co. in filing a bill against the appellee seeking to enjoin him from making the very assessment here involved, asserting, in that injunction litigation, a real and vital interest; and yet, when the assessment is made, and the effort is being made by the revenue agent to enforce it, this same party, the Illinois Central Railroad Co., demurs, and says it is improperly joined as a party. It is not sought to obtain a personal decree against the Illinois Central Railroad Co. The theory of the bill is to enforce, *in rem*, against the property charged with the taxes, the amount of the taxes, to effectuate against, and out of, the property itself, on which the paramount tax lien is charged, that tax lien, and to have a decree subjecting the property to the payment of the taxes. Code 1892, § 3746; code 1880, § 470. And the Illinois Central Railroad Co. does have, as the party practically and substantially controlling this property, and practically and substantially in possession of it, a real interest in this controversy, and is, we think, a proper and a necessary party.

The only really serious contention of the appellants is the one presented by the additional demurrer of the Illinois Central Railroad Co., and the second plea of the Yazoo & Mississippi Valley Railroad Co., the substance of which is that one tribunal is provided by law for the assessment of railroad property and a different tribunal for the assessment of other property; and also that, if this be allowable, then the act of February 7, 1894 (Laws 1894, pp. 29-31), violates the constitution (§ 112), in granting an appeal to one class of taxpayers from the tribunal assessing the taxes of those in that class, and denying an appeal to another class of taxpayers (railroad companies) from the judgment of the tribunal assessing the taxes of those in that class. The insistence is that, in these two respects §§ 3875 to 3886, inclusive, of the code of 1892, as also the said act of February 7, 1894, are violative of the constitution of this state (§ 112), and of the constitution of the United States—that is

to say, of the fourteenth amendment thereto and the first sec-
tion of the said amendment—in this, to wit, in denying to the
appellants "due process of law" and "the equal protection of
the laws." The former decision in this case, *Railroad Co.* v.
*Adams*, 73 Miss., 648, 19 South., 91, really disposed of these
contentions, for it would have been an idle performance to have
rendered the judgment which was rendered, had this court
deemed these acts violative of either the state or the federal
constitution. But, aside from this consideration, it is clear
there is nothing in the contentions. The constitution (§ 112)
expressly provides: "But the legislature may provide for a
special modes of valuation and assessment of railroads, and rail-
road and other corporate property, or for particular species
of property belonging to persons, corporations, or associations
not situated wholly in one county." Acting in pursuance of
this constitutional authorization, §§ 3875-3886, and the said
act of February 7, 1894, were passed. The purpose is plain.
The scheme was to take railroad property because of its pe-
culiar nature, and the inherent difficulties attending a just
and wise adjustment of taxes on that class of property, out
of the hands of subordinate county officials, and put into the
hands of a board of special state assessors of railroad property
for taxation; to segregate, for the purpose of taxation, all
property of that class, all railroad property, and put it in a
class by itself. All railroad property is dealt with alike.
There is no discrimination between railroads. When the prop-
erty of railroads is assessed, ample notice is actually given them,
besides the notice the law gives them, in fixing the time when
the state railroad assessors shall meet to impose the taxes and
hear objections. They have a full hearing, upon a full notice,
on both law and facts, as to the imposition of taxes on them.
In this case they were duly served with notice. They appeared,
interposed their objections; the fullest proof was introduced,
as shown by the record; and their complaint now, on this second

appeal, at this late stage in this litigation, wherein the state is seeking to recover her taxes, the lifeblood of her existence, is that the appellants now think these acts unconstitutional.

It has been too long and too thoroughly settled to now admit of discussion, that it is not only competent, but necessary, in any justly-framed system of taxation, to provide for different modes of taxation of property, according to the different nature of the property, so long as all property of the same nature and class is dealt with alike. It is nothing more than a classification of property according to its nature and uses, and dealing with, as to its revenue-bearing duties, accordingly as all property of that class is dealt with. Uniformity and equality of taxation, as to the mere mode of imposing taxes, are not violated by putting all railroad property, on account of its nature and uses, and the difficulties attending its proper assessment for taxation, in one class, and assess it according to a special mode provided therefor by the legislature, so long as all railroads are dealt with alike, and there is, consequently, no discrimination between those in that class. This is too plain to need the citation of authorities. They are overwhelming. All along, it must be remembered that this is not an effort to assess current taxes, but back taxes. It is a case where the railroads have escaped taxation. Acts 1888, p. 49, sec. 1; acts 1890, pp. 12, 13, sec. 5; acts 1894, pp. 29-31, secs. 2-4. Nor does the fact that no appeal is given from the action of the state railroad assessors to the railroad companies violate either the state or the federal constitution.

It must be borne in mind that the appellants allowed the six months, within which the remedy by certiorari for the correction of errors of law was open to them, to expire without availing themselves thereof. Code 1892, §§ 89, 90. They had their full hearing, as shown on both the law and the facts. Nor did they, when the circuit court dismissed the appeal taken from the action of the state railroad assessors on

the ground of want of jurisdiction, because the law did not authorize such an appeal, prosecute an appeal from that judgment of the circuit court to this court. But the effort, now here being made, is to assail collaterally the finding of the state railroad assessors. This is directly in the face of the holding of this court, on the former appeal in this same case, where the court said, speaking through Chief Justice Cooper (73 Miss., 662; 19 So. Rep., 93): "By providing for notice to the owner, and thus affording him the opportunity of interposing his objections to his assessment of the property, the determination of all questions of fact necessarily involved in the inquiry is submitted by law to the tribunal having jurisdiction in the premises." That tribunal was this board of state railroad assessors. That board had jurisdiction of the parties and of the subject-matter, made the fullest investigation of the whole matter, and their finding cannot be thus collaterally attacked. The decisions of the supreme court of the United States are absolutely conclusive of this. In *Adams Express Co.* v. *Ohio State Auditor,* 165 U. S., 229, that court says: "Whenever a question of fact is submitted to the determination of a special tribunal, its decision creates something more than a presumption of fact, and, if such determination comes into inquiry before the courts, it cannot be overthrown by evidence going only to show that the fact was otherwise than so found or determined." See, to the same effect, *Railway Co.* v. *Backus,* 133 Ind., 541 (33 N. E. Rep., 430), the court saying: "The state board having fixed the valuation and assessed the property, their action in this behalf is final, and cannot be avoided or set aside, except for fraud on the part of the state board of tax commissioners, which would render the assessment void." And see, to the same effect, *Water Co.* v. *Clark,* 94 Ky., 47 (21 S. W. Rep., 246); *Stanley* v. *Supervisors,* 121 U. S., 535, 550 (7 Sup. Ct. Rep., 1234); *Williams* v. *Supervisors,* 122 U. S., 154 (7 Sup. Ct. Rep., 1244); *Winona & St. Paul Land Co.* v. *Minnesota,* 159 U. S.,

534 (16 Sup. Ct. Rep., 83) ; *Irrigation Dist.* v. *Bradley,* 164 U.
S., 167 (17 Sup. Ct. Rep., 56) ; Throop on Pub. Off., sec. 541;
Cooley on Taxation, p. 749, note 2 ; Desty on Taxation, p. 625,
note 2 ; Burroughs on Taxation, p. 238, sec. 102 ; 25 Am. & Eng.
Enc. L., 236 ; *Palmer* v. *McMahon,* 133 U. S., 665 (10 Sup.
Ct. Rep., 324). And so the decisions of the same learned court
are decisive against appellants, that, having had provision made
for notice, and one full hearing, the denial of the right of appeal
to all railroads—all in the same class—is no denial of due pro-
cess of law, or of the equal protection of the laws. Speaking
to this very point, in *Railway Co.* v. *Backus,* 154 U. S., 427,
14 Sup. Ct. Rep., 1117, Mr. Justice Brewer says : "Equally fal-
lacious is the contention that, because to the ordinary taxpayer
there is allowed, not merely one hearing before the county of-
ficials, but also a right of appeal, with a second hearing before
the state board, while only the one hearing before the latter
board is given to railroad companies in respect to their prop-
erty, therefore the latter are denied the equal protection of the
laws. If a single hearing is not due process, doubling it will
not make it so, and the power of a state to make classifications
in judicial or administrative proceedings carries with it the
right to make such a classification as will give to parties belong-
ing to one class two hearings before their rights are finally de-
termined, and to parties belonging to a different class only one
hearing. . . . Did it ever enter into the thought of any
one that such classification carried with it any denial of due
process of law ?" And to identically the same effect are *Irri-
gation Dist.* v. *Bradley,* 164 U. S., 168, 169 (17 Sup. Ct. Rep.,
56) ; *Adams Express Co.* v. *Ohio State Auditor,* 165 U. S., 228
(17 Sup. Ct. Rep., 312 ; *Winona & St. Paul Land Co.* v. *Minne-
sota,* 159 U. S., 534, 535 (16 Sup. Ct. Rep., 83). Whether the
"ordinary taxpayer" is given an appeal is no concern of the rail-
roads, so long as there is a just and legal classification of railroad
property, and a dealing with all in that class on exactly the same

terms, some sufficient notice and hearing being afforded all railroads. The acts in question do not, therefore, violate the state or the federal constitution in denying to railroad companies an appeal from the action of the state railroad assessors.

It is further to be said that the action of that board was in conformity with the decision of this court rendered June 20, 1898 (No. 8629 in this court), 24 So. Rep., 317, and was for this additional reason, correct. That action, except for fraud, cannot now be assailed, but is binding and conclusive on the appellants.

*Affirmed.*