GULLY, STATE TAX COLLECTOR, *v.* EASTMAN-GARDINER LUMBER CO. *et al.* (TWO CASES).

(Division A. Nov. 20, 1933.)

[151 So. 170. Nos. 30752, 30753.]

S. L. McLaurin, of Brandon, and May, Sanders, McLaurin & Byrd, of Jackson, for appellant.

. . . ”

**C. S. Street** and **Deavours & Hilbun,** all of Laurel, and **T. J. Wills,** of Hattiesburg, for appellee.

Argued orally by **J. L. Byrd**, for appellant, and by
**C. S. Street** and **Henry Hilbun**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

Proceedings were begun by the revenue agent before
the board of supervisors of Jones county, and the
board of mayor and aldermen of the city of Laurel, to
back assess for state, county, and municipal taxes for
the years 1928, 1929, and 1930, an electric light plant
owned by the appellee, wholly situated in Jones county,
and alleged to have escaped taxation for those years.
The boards declined to make the assessment, and on
appeals to the court below the proceedings were dis-
missed on the ground that the boards had no power to
make the assessments.

These boards have this power, unless it has been con-
ferred upon the state tax commission.

The power given to the state tax commission to assess
property is conferred by section 3200 et seq., Code 1930,
as amended, is limited to public utilities, and, in so far
as property of electric power and light companies is
concerned, is limited to property not situated wholly in
one county. This is clear from sections 3204, 3208, and
3209, Code 1930, which were amended by chapter 291,
Laws 1932 (sections 1-3), sections 3208 and 3209 re-
maining, in so far as electric power and light companies
are concerned, as they appeared in the Code of 1930.
Section 3204, however, was amended so as to read as

follows: "*Method for Assessing Said Companies.*—The state railroad assessors shall, if practicable, on or before the first Monday of June, and if impracticable, as soon thereafter as it can be done, in each year, make out for each county having any railroad, telegraph, sleeping car, palace car, dining car, express, gas (natural or artificial), street, suburban and interurban railway (including motor bus companies operating as street cars) and pipe line company property therein; and any telephone, water works or electric power and/or any electric light company property not situated wholly in one county, therein, an assessment roll of such property, both real and personal, tangible and intangible, and the same may be in such form as they may prescribe as nearly in conformity with ordinary assessment rolls as convenient and practicable. The said railroad assessor shall apportion the value of the property of all public utilities or other persons, companies, or associations assessed according to the provisions of this act as follows: (a) When all the property of such public utility is located within the limits of a county, the assessed value thereof shall be apportioned by the railroad assessors between the several municipalities, school districts, road districts, levee districts, and other taxing districts therein, in the proportion which the property located within the several municipalities, school districts, road districts, levee districts and other taxing districts in question, bears to the entire value of the property of such public utility, as ascertained and valued as herein provided, so that, to each municipality, school district, road district, levee district, and other taxing district contained therein there shall be apportioned such part of the entire valuation as will fairly equalize the relative value of the property therein located to the whole value thereof."

Paragraph (b) provides for the apportionment of an assessment when the property assessed is located in more than one county.

It will be observed that these three sections authorize

the state tax commission to assess electric power and light companies only when their property is "not situated wholly in one county," unless paragraph (a) of section 1 of chapter 291, Laws 1932, amending section 3204, Code 1930, enlarges this grant of power so as to include property situated wholly in one county.

Paragraphs (a) and (b) of section 1 deal with the apportionment of assessments made by the state tax commission to counties and other taxing districts, and are introduced by the words, "The said railroad assessor shall apportion the value of the property of all public utilities or other persons, companies, or associations assessed according to the provisions of this act," thus preserving the grant of, and limitation on, the power to assess conferred by the other sections and recognized in the preceding paragraph of section 3204, Code 1930.

For the state tax commission to assess property owned by an electric power and light company, according to the provisions of the statute, such an assessment must be confined to such property as is not situated wholly in one county.

Paragraph (a) may refer to the assessment of public utilties mentioned in the statute other than electric power and light companies, as to which we express no opinion; but it does not apply to the property of the latter.

The judgment of the court below will be reversed, and the causes remanded.

Reversed and remanded.