STATE EX REL. ROBBINS, DIST. ATTY., *v.* SOUTHERN NATURAL GAS CORPORATION.

(Division A. Nov. 4, 1935.)

[164 So. 1. No. 31877.]

Wynn, Hafter & Lake, of Greenville, for appellant.

R. H. & J. H. Thompson, of Jackson, for appellee.

194

Armstrong, McCadden, Allen, Braden & Goodman, of Memphis, Tenn., and Green, Green & Jackson, of Jackson, amici curiae, for appellee.

Argued orally by **J. H. Thompson,** for appellee, and by **Garner W. Green,** amicus curiae.

**McGowen, J.,** delivered the opinion of the court.

. Feeling aggrieved at the action of the state tax commission, and relying upon chapter 206, Laws 1934, Issaquena county, through N. Vick Robbins, district attorney for the Ninth judicial district, appealed from the circuit court from an order entered by the state tax commission on December 31, 1934, making an assessment of the property of the appellee, Southern Natural Gas Corporation.

This appeal was filed some time in January, 1935, returnable to the March term of the circuit court of Issaquena county.

The Southern Natural Gas Corporation appeared before the court and made a motion to dismiss the appeal for nine reasons, one of which was that the district attorney was not authorized to prosecute the appeal. This corporation, as shown by the brief of the appellee, constructed, and is now operating, a pipe line for the conveyance of natural gas east and west through the state of Mississippi. The pipe line of the corporation crosses the Mississippi river and enters the state in Issaquena county.

The total assessment against the corporation by the state tax commission amounts to one million eight hundred thousand dollars; the assessment being arrived at on a mileage basis; six thousand dollars a mile for twen-

ty-two-inch size pipe line, and about two thousand dollars a mile for eight-inch size pipe line. The entire assessment on a mileage basis in Issaquena county was about sixty-three thousand dollars.

In the petition of the appellant, the district attorney alleged that the value of the Mississippi river crossing, situated in Issaquena county, is over three hundred fifty thousand dollars; and the main contention is that this river crossing, being about one-half mile from the thread of the stream to the shoreline, should be valued at three hundred thousand dollars, and allocated to Issaquena county.

It is manifest that the appeal is in behalf of Issaquena county; that its contention is that because of the expense and outlay in constructing the gas pipe line across the Mississippi river, Issaquena county is entitled to have allocated to it the value of this special improvement. It is quite clear that this pipe line could not be operated in Mississippi and convey gas across it from another state without having a crossing over the river.

The court below sustained the motion to dismiss the appeal, and the district attorney for the state of Mississippi prosecutes an appeal here.

Gas lines are assessed in the same manner as railroads, and authority for assessing the same is conferred upon the state tax commission by section 3208, Code 1930, as amended by Laws 1932, chap. 291, sec. 2. Railroads are assessed on a mileage basis by the state tax commission under the provisions of sections 3200 to 3207, Code 1930. By statute, the state tax commission is authorized to find the number of miles of gas pipe lines in the state of Mississippi, ascertain the fair valuation per mile, and allocate to each county the milage in each taxing unit, then the number of miles within the taxing unit is multiplied by the ascertained value per mile of the corporation's pipe lines within the state.

The applicable part of chapter 206, Laws 1934, reads as follows: "If the state shall be aggrieved by any order of

the state tax commission as to the assessment of such property for ad valorem taxes, the attorney general, or the state tax collector, in proceedings to assess the taxes instituted by him, or the district attorney, *if all of the property sought to be taxed is located within the judicial district for which such district attorney is elected,* may, within twenty days . . . appeal to the judge of the circuit court . . . of the county in which the property or any part thereof is located.'' (Italics ours.) Section 1.

If the gas pipe line here under consideration traverses the state from west to east, we judicially know that the pipe line traverses other counties and parts of other judicial districts other than the Ninth judicial district, of which N. Vick Robbins is the district attorney. Therefore, all the property sought to be assessed is not located within the Ninth judicial district. The statute does not confer upon the district attorney the right to prosecute an appeal in the case at bar. However, if the state is actually aggrieved, which we do not decide, provision is made in the statute that the attorney-general or the state tax collector may appeal from the order of the state tax commission.

It would be an anomalous situation if the district attorney of each judicial district could prosecute an appeal for each taxing unit and wholly disregard the finding of the value of the corporation's property sought to be assessed. To permit this would be to assess by piecemeal each taxing unit where the pipe line traversed more than one judicial district, and the whole assessment would thereby be rendered ineffective and uncertain. Let it be remembered that in this case there is no complaint that the entire assessment for the state of one million eight hundred thousand dollars is not fair and equitable and according to the true value of the property sought to be assessed within the state.

We are of the opinion that the court below correctly sustained the motion to dismiss the appeal herein. There

are other interesting questions raised by the appellee which we deem it unnecessary at this time to consider.
Affirmed.