MISSISSIPPI POWER Co. *v.* CITY OF LAUREL.

(In Banc: Jan. 13, 1947. Suggestion of Error Overruled Feb. 24, 1947.)

[28 So. (2d) 750. No. 36268.]

[29 So. (2d) 313.

146

Eaton & Cottrell, of Gulfport, for appellant.

Buchanan & Harper, of Laurel, for appellee.

Green & Green, of Jackson, amicus curiae for appellant.

150

Argued orally by **James S. Eaton**, for appellant, and by **J. R. Buchanan**, for appellee.

**Alexander, J.**, delivered the opinion of the Court.

There is here involved the right of the City of Laurel to assess the property of an electric utility company which operates and holds property in more than one county. The items involved include land used as a garage, office building, and a steam plant building and equipment. This property had been regularly assessed by the State Tax Commission for the year 1945 at a total valuation of $39,470, along with other items not here involved. The City of Laurel, acting upon the assumption that the location of the specific items in Jones County and the City of Laurel authorized assessment by it, fixed same at $111,014. The question involves a construction chiefly of Constitution 1890, Section 112, and Code 1942, Sections 9825, 9826, 9829, 9833 and 9836.

Section 112 of our Constitution provides as follows: "The legislature may provide for a special mode of valuation and assessment for railroads, and railroad and other corporate property, or for particular species of property belonging to persons, corporations or associations not situated wholly in one county. But all such prop-

erty shall be assessed at its true value, and no county shall be denied the right to levy county and special taxes upon such assessment as in other cases of property situated and assessed in the county.''

Code Section 9825 provides that: ''The members of the state tax commission are constituted state assessors of railroads and other public service corporations, and they shall . . . assess the property of . . . electric power and light companies . . . liable to taxation in the state.''

Code Section 9826 provides for the assessment, by the said assessing body, of railroads and Section 9835 provides that a ''. . . corporation owning or operating a . . . electric power and/or electric light company owning property not situated wholly in one county'' shall file the same schedule required of railroads. Section 9829 requires the State Railroad Assessors to make out assessment roll for each county having ''any . . . electric power and/or electric light company property not situated wholly in one county . . .'' This section provides for the apportionment of assessed valuations in the following cases (1) when all the property of such public utility is located within the limits of a county; (2) when such property is located in more than one county; and (3) when such property is located in more than one state. The appellant is disclosed to own and operate such public utility in twenty-three counties in this State and the office building located in the city of Laurel is supervisory headquarters for five counties.

After, and in disregard of, the assessment by the members of the State Tax Commission acting as railroad assessors, the appellee made its own assessment, fixing same at the figures applicable the preceding year. Objections filed by appellant were overruled by the City Commissioners, whose finding that the City had authority to assess such items located therein was affirmed by the Circuit Court. Code 1942, Section 1196. The power company appeals.

The record shows that appellant had constructed during 1944 a large steam generating plant in Forrest County which commenced operations about January 1st, 1945. In the meantime the old plant located at Laurel was used as a "stand-by" adjunct facilitating the change over to the new plant. In this transition stage with complete dismantling imminent the valuation of the steam plant equipment was estimated by the railroad assessors on the basis of discarded or junk material. It was in fact disconnected from the company's line during 1944 and sold. However, if the appellee had no authority to assess this property the matter of valuation is put out of view.

At the threshold we are faced with the necessity for construing the language of Section 112, Constitution 1890, ". . . the legislature may provide for a special mode of valuation and assessment for . . . particular species of property belonging to . . . corporations . . . . not situated wholly in one county." And from the cited Code Sections 9825 and 9835 the phrase common to both, "electric power and/or electric light company owning property not situated wholly in one county." Attention is again invited to Section 9829 which provides that the State Railroad Assessors shall make out an assessment roll of the property of such utilities "not situated wholly in one county."

We need not document extensively our conclusion, reached after following the able reasoning of the skilful briefs of both parties, that the "particular species of property" referred to in Section 112 relates not to the identity of the separate items but to the character of the "persons, corporations, or associations" operating their "property" as a unit.

The legislature, thus enabled, unquestionably had in mind the rationale which provoked and supports the assessment by the State Railroad Assessors of railroad property as a unit. In Teche Lines v. Forrest County, 165 Miss. 594, 617, 142 So. 24, 143 So. 486, bus lines operating in more than one county were held assessable only by the

State Railroad Assessors. Although not specifically mentioned they were comprised within the phrase "other public service corporations." Code 1942, Section 9825. It is significant that in the original opinion it was pointed out that "property situated in two or more counties may have a value as a unit different from the segregated items thereof." Despite the overruling of the opinion by the sustained suggestion of error, such fact remains an obvious truth. Such fact has throughout our jurisprudence been recognized in dealing with railroads and pipe line companies whose properties are for the most part continuous lines. Typical holdings are seen in Yazoo & M. V. R. Co. v. Adams, 77 Miss. 764, 25 So. 355, and State ex rel. Robbins v. Southern Nat. Gas. Corp., 174 Miss. 192, 164 So. 1; Thompson v. Craig, 196 Miss. 465, 17 So. (2d) 439, 441. We forbear to cite further authorities upon the point, many of which appear in briefs of counsel.

The contrary view draws unwarranted significance from the circumstance that all fixed property has a definite locale. Yet even the poles of a telephone and telegraph company, the tracks of a transportation company, or section of a pipe line have a fixed location in some county or city. Such truism is made the basis for the allocation to the several counties of the respective assessment of items thus geopraphically identifiable. The intolerable situation of multiple and conflicting assessments suggested in Yazoo & M. V. R. Co. v. Adams, supra, would result in all cases involving operations carried on by public utilities as an integrated system. Taylor v. Secor, 92 U. S. 575, 23 L. Ed. 663, 671; State ex rel. Morton v. Back, 72 Neb. 402, 100 N. W. 952, 69 L. R. A. 447. See 51 Am. Jur., Taxation, Secs. 877, 941. The instant case emphasizes, as does the Adams case, that it is the class of property, i. e. electric systems, that is being dealt with.

We shall discuss only one further case, relied upon by both parties, Gully v. Eastman-Gardiner Lumber Co., 168 Miss. 100, 151 So. 170, 171. This Court was dealing with the assessment of an electric light plant all of whose prop-

erty and operations were in Jones County. We affirmed the power of the State Tax Commissioners to assess such a utility "only when their property is 'not situated wholly in one county.'" We put aside the incident that any language therein used could be distorted to sustain the right of the local assessors to segregate and assess separate items of a unified system, would be a mere dictum.

We note again the language of the applicable statutes. Section 9833 provides for the assessment by the State Railroad Assessors of an electric power or light "company owning property not situated wholly in one county." It is the company which primarily is assessed, provided that it operates in several counties. Section 9829 (a) provides for the apportionment of values when "all the property of such public utility is located within the limits of a county," and paragraph (b) covers the situation when "the property" of such utility is located in "more than one county."

We shall not belabor the point but conclude that the policy of the legislature acting under constitutional authority was to divest local taxing authorities of the right separately to assess segregated items of an integrated and unit operation of the class mentioned, and that the members of the State Tax Commission have exclusive authority and power to assess this electric utility as a single and individual operation whose value is not the sum total of the several assessments of each county or city authority which views each item as an isolated unit, but whose reasonable appraisal takes into account not only convenience and orderly procedure, but also the fair evaluation of a chain whose integral links, regardless of the incident of their chance location, are but components.

We are compelled, therefore, to reverse and vacate the city's assessment.

Reversed and judgment here for appellant.

**Sydney Smith, C. J.**, did not participate in this decision.

On Suggestion Of Error

**Alexander, J.**, delivered the opinion of the Court on suggestion of error.

Counsel for appellee have suggested an inadvertence in our holding that "it is the company which primarily is assessed," as indicating that ad valorem assessments are in personam rather than in rem. If the premise were correct so would be also the conclusion. The statute, Code, 1942, Sec. 9833, uses this language both in its title and in its text, stating, " . . . an electric light company owning property not situated wholly in one county, shall be assessed . . ." By borrowing this language neither we nor the legislature were ignoring the fact that the assessment is in rem. On the other hand, it is thereby emphasized that the "company" is the sum total of its properties, and is therefore appraised and assessed with reference to its status as an integrated, homogeneous unit, which includes all of the component items of property necessary or expedient to the operation of such unit.

The contention still insisted upon, that the assessed items had been discontinued as operating components, is not borne out by the record, and if sustained, would of itself suggest the impropriety of an assessment thereof on the basis of valuation applicable to its appraisement as a functioning component of an operating unit. However, the matter of valuation is not for decision, but only the competency of the City to assess.

Overruled.