HANNAH QUICK v. CATHARINE CORLIES, ADMINISTRA-
TRIX, &c.

1. Statutory provisions designed for the benefit of individuals may be
   waived.
2. The statute of limitations may be waived by those who assent in legal
   form, and when acted upon, such waiver becomes an estoppel to plead
   the statute.

On rule to show cause why a new trial should not be
granted.

The plaintiff brought an action of debt against the defend-
ant on a sealed bill or agreement, wherein Joseph A. Corlies
promised to pay Hannah Quick, the plaintiff, one day after
date, the sum of $500, not to draw interest until his (Corlies')
death ; " and it is not to outlaw by the statute of limitations,
value received." Dated December 15th, 1854.

Joseph Corlies died February 4th, 1875. This action
was brought by the plaintiff against his administratrix, in
September, 1875.

The defendant pleaded the statute of limitations. The
court ruled that the clause waiving the statute did not deprive
the defendant of her defence of the legal limitation to an
action on the sealed obligation, and a verdict was rendered for
the defendant. A rule to show cause why a new trial should
not be granted was allowed at the circuit, and the motion to
make the rule absolute was argued in this court.

Argued at June Term, 1876, before BEASLEY, CHIEF
JUSTICE, and Justices SCUDDER, DIXON and REED.

For the plaintiff, *Joel Parker*.

For the defendant, *G. C. Beekman*.

The opinion of the court was delivered by

SCUDDER, J.   This obligation being under seal, the action upon it must be commenced within sixteen years next after the cause of action shall have accrued, and not after, by the statute of limitations of our state.   As it was payable one day after date, the time expired in 1870, and the action was not brought until 1875.   The suit is, therefore, barred by the statute, unless it be saved by the clause that the claim " is not to outlaw by the statute of limitations."

It is said that this clause is of no legal effect, because it avoids the express terms of a statute by private agreement, and is against the policy of the law.

The general rule is, that no contract or agreement can modify a law, but the exception is, that where no principle of public policy is violated, parties are at liberty to forego the protection of the law.   Statutory provisions designed for the benefit of individuals, may be waived, but where the enactment is to secure general objects of policy or morals, no consent will render a non-compliance with the statute effectual. *Sedg. on Stat. and Const. Law* 109–421.   This statute, limiting a time within which action shall be brought, is for the benefit and repose of individuals and not to secure general objects of policy or morals.   Its protection may, therefore, be waived by those who assent in legal form, and when acted upon, such waiver becomes an estoppel to plead the statute. Thus it is said in *Cowart* v. *Perrine*, 6 *C. E. Green* 101, that a defendant who has agreed not to set up the statute of limitations, shall not be allowed to do it; that such agreement, although it does not amount to a new promise, will operate by way of estoppel, in cases where the statute has not fully run, and the plaintiff forebore to sue in consequence of the promise.   This rule is not confined to courts of equity, which follow courts of law in giving effect to this statute.

In *Gaylord* v. *Van Loan*, 15 *Wend.* 308, and *Bloodgood* v. *The Utica Ins. Co.*, 4 *Wend.* 652, where there were stipulations not to plead the statute, made previous to its attaching,

it was held, where the limitation was pleaded, that an estoppel arose from the stipulation.

So in *Randon* v. *Toby,* 11 *How.* 493, where notes were past. due and an extension of time granted, without renewal, by a written agreement, which stated that no advantage should be taken, or any plea of the statute of limitations be made to avoid the payment of said notes, but they should be and remain in as full force and effect as though they were renewed, it was decided that the agreement operated by way of estoppel *in pais* to a defence under the statute of limitations. It is also said that the plea of the statute is a breach of the agreement, and to avoid circuity of action it may be set up in avoidance of the plea.

*Warren* v. *Walker*, 23 *Me.* 453, was a suit for a bill of lumber purchased December 9th, 1835. On December 7th, 1841, the defendant signed an agreement in these words : " I hereby waive all defence which I might otherwise have to the above bill by law, under and by virtue of any statute of limitations." The court said this must be understood to be an agreement never to set up any such defence.

The same principle and construction are found in other cases. *Webber* v. *Williams College*, 23 *Pick.* 302 ; *Hodgdon* v. *Chase*, 29 *Me.* 47 ; *Lade* v. *Trill*, 6 *Jur.* 272 ; *Waters* v. *Earl of Thanet*, 2 *Ad. & El.* 757. All hold that the statute may be waived, and if for a valuable consideration or acted upon by others, the stipulation will be enforced, and answer the plea of the statute.

The Circuit Court erred in deciding that this agreement was not sufficient evidence of a waiver of the statute of limitations, and the rule for a new trial is made absolute.