This is an appeal by the defendant from a summary judgment for plaintiff entered in the Hudson County Court.
In 1930, the defendant Alexander Simpson delivered to the plaintiff Hudson County National Bank three promissory notes totalling $19,000, together with stock of the Trust Company of New Jersey as collateral security. The notes were payable on demand and contained numerous stipulations for the Bank's protection, including a provision that upon sale of the security the maker shall remain responsible for any deficiency in payment of principal or interest "waiving any and every benefit, exemption and privilege under any law now or hereafter to be in force." In 1945, the plaintiff, having failed *Page 137 
to realize the face amount of the notes by sale of the collateral, filed a complaint in the Hudson County Court of Common Pleas seeking recovery of $17,168.20 plus interest. The defendant's answer and counterclaim set forth primarily that (1) the statute of limitations had barred the claim, and (2) in 1935 the plaintiff had accepted an assignment of certain moneys due the defendant in full accord and satisfaction of its claim against him. The plaintiff moved to strike the answer and counterclaim but the court, finding that the affidavits submitted "set up controversial issues of law and fact," denied the motion. The order denying the motion granted leave to the plaintiff to renew it "if the proofs produced at the trial of this cause warrant such action." In due course the plaintiff filed an amended reply and answer to counterclaim which set forth that the provision in the notes constituted a waiver of the statute of limitations.
Thereafter, the defendant filed a bill of complaint in the Court of Chancery seeking to restrain the plaintiff from asserting the alleged waiver of the statute of limitations. The bill was dismissed because the issues presented could be adjudicated in the law court and the dismissal was affirmed by the Court of Errors and Appeals. See Simpson v. Hudson CountyNational Bank, 141 N.J. Eq. 353 (E. A. 1948). On August 19, 1948, the defendant served notice that he would move for judgment on the pleadings resting "mainly on the Statute of Limitations" and by order dated September 8, 1948, the court directed that the defendant's motion be considered on briefs. On January 27, 1949, the court, by letter opinion, determined that (1) the statute of limitations had been waived, (2) there had been no consideration for the alleged accord and satisfaction in 1935, and (3) plaintiff was entitled to summary judgment. On March 30, 1949, summary judgment for plaintiff in the sum of $37,618.70 was entered.
We have concluded that the entry of summary judgment was erroneous. The defendant's motion sought, in effect, a determination in his favor under the statute of limitations. There was no cross-motion for summary judgment and, indeed, *Page 138 
such cross-motion was presumably unavailable in view of the order, entered by another judge, denying plaintiff's earlier application for summary judgment upon the finding that there were controversial issues of law and fact. In so far as the record before us discloses the only real issue properly before the lower court was whether the defendant was entitled to judgment under his defense based upon the statute of limitations; having concluded that the provision of the notes constituted a lawful waiver of this defense the court should simply have denied the defendant's motion and permitted the plaintiff to proceed to trial.
The further question raised by the defendant as to the soundness of the lower court's determination that the provision in the notes constituted a legally effective waiver of the statute of limitations has given us much concern. In the recent case of National Bond and Investment Co. v. Flaiger,322 Mass. 431, 77 N.E.2d 772 (1948), the Supreme Judicial Court of Massachusetts held that an unlimited waiver of the statute of limitations, embodied in the original agreement between the parties, was contrary to public policy and invalid. Implicit in this conclusion was the view that the statute is not designed exclusively for the benefit of individuals but also expresses a public policy against the presentation in court of stale claims. See Comment, Effectiveness of Promises Not to Plead the Statuteof Limitations in Contract Cases, 30 Col. L. Rev. 383 (1930). See, also, Chase Securities Corp. v. Donaldson, 325 U.S. 304,314 (1945), where Mr. Justice Jackson described statutes of limitations as "practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost."
Professor Williston indicates that the rule expressed in theFlaiger case is the "better view" and has been adopted by the majority of jurisdictions as well as the Restatement. See 1Williston, Contracts (Rev. Ed. 1936), § 183. See, also, the cases collected in 1 A.L.R. 2d 1445 (1948). Notwithstanding the foregoing, the earlier New Jersey cases incline *Page 139 
to support a contrary view. In Quick v. Corlies, 39 N.J.L. 11
(Sup. Ct. 1876), the court sustained the validity of a stipulation in a sealed agreement to pay $500 that "it is not to outlaw by the statute of limitations," and expressed the view that limitation statutes are for the benefit of individuals and "not to secure general objects of policy or morals." Later decisions have suggested approval of the statement that limitation statutes are for the exclusive benefit of individuals and may be waived, by contract or otherwise, although none of these cases actually dealt with an attempt to waive indefinitely the statute of limitations at inception of the debt. See Clarkv. Augustine, 62 N.J. Eq. 689 (Ch. 1902); Freeman v.Conover, 95 N.J.L. 89 (E. A. 1920); Howard v. WestJersey, etc., R.R. Co., 102 N.J. Eq. 517 (Ch. 1928); affirmed, 104 N.J. Eq. 201 (E. A. 1929).
Unlike the situation presented in the Quick case, we are not here concerned with a specific waiver of the statute of limitations but are confronted with vague language which purports to waive "any and every benefit, exemption and privilege under any law now or hereafter to be in force." We do not believe that the parties contemplated by this language, the suspension, at inception, of all laws which might otherwise be available as defenses, including such statutes as those relating to usury and to discharges in bankruptcy; indeed, any such attempt would generally be held to be invalid. See Williston, supra, at § 1770. Nor do we believe that the parties contemplated, without any specific reference thereto, the suspension forever of the statute of limitations, thus permitting action, fifteen years (as here) or, indeed, fifty years after execution of the notes. Cf.Hellyer v. Baldwin, 53 N.J.L. 141, 143 (Sup. Ct. 1890). The notes were prepared by the plaintiff Bank and executed by the defendant without any affirmative suggestion that either party considered the remote factor of the statute of limitations. Assuming that a specific waiver, at inception and without limit of time, of the statute of limitations is not to be deemed contrary to public policy, considerations of fairness in contractual business relationships would seem to require that, if such far reaching waiver is contemplated *Page 140 
by the creditor, he so express himself explicitly rather than in vague language having no certain or readily ascertainable meaning. We are of the opinion that the general provision embodied in the notes should not be construed to constitute, on its face, a legally effective permanent waiver of the statute of limitations. Cf. Cowart v. Perrine, 21 N.J. Eq. 101, 104
(Ch. 1870).
The judgment below is reversed.