**SHERWOOD JEWELERS–NEWARK, Inc.,
v. PHILADELPHIA NATIONAL
INS. CO.**

Civ. A. No. 511–50.

United States District Court
D. New Jersey.

Jan. 23, 1952.

Graham Roskein, Newark, N. J., for plaintiff.

Silber & Silber, Newark, N. J., by Charles Silber, Newark, N. J., for defendant.

MODARELLI, District Judge.

Plaintiff brings this suit on a policy of insurance against any explainable loss of jewelry, precious stones, and other stock in its store at Newark, New Jersey. The complaint alleges that on or before June 3, 1949, the plaintiff experienced a loss, disappearance, or theft of certain jewelry items in the sum of $8,154.06 from said store.

One of the conditions of the policy is: "12. No suit or action on this Policy for recovery of any claim shall be sustainable in any court of law or equity unless the As-

sured has fully complied with all the foregoing requirements nor unless commenced within twelve (12) months next after the date of the occurrence which gives rise to the loss, * * *."

■ "* * *, it is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." Order of United Commercial Travelers v. Wolfe, 331 U.S. 586, 608, 67 S.Ct. 1355, 1365, 91 L.Ed. 1687.

■ The parties agreed by the terms of the policy to a limitation of twelve (12) months for bringing an action to recover for any insured loss. It is settled that the general statute of limitation is for the benefit of individuals and not to secure general objects of policy; it may be waived by express consent. Order of United Commercial Travelers v. Wolfe, supra; Simpson v. Hudson County National Bank, E. & A. 1948, 141 N.J.Eq. 353, 357, 657 A.2d 473; and Hudson County National Bank v. Simpson, 1949, 5 N.J.Super. 135, 139, 68 A.2d 542.

■■ Since the agreed limitation of the policy is in derogation of the general statute of limitation, the circumstances surrounding the claim of the plaintiff and the defense by the insurance company are carefully examined for a waiver, and courts do not require very stringent evidence of waiver of the limitation period by the defendant in order to defeat the application of the contracted for limitation. Fellman v. Royal Ins. Co., 5 Cir., 1911, 184 F. 577, 581; Ketteringham v. New England Fire Ins. Co., D.C.W.D.La.1948, 76 F.Supp. 996, 1003; and Bankhead Drilling Co. v. Rhode Island Ins. Co., D.C.E.D.La.1949, 84 F.Supp. 121, 122.

■ In order to deprive the insurer of its right to rely upon the contractual limitation, it must appear that there has been either an admission of liability by defendant and a promise to adjust the loss, or that discussions looking towards a settlement were continued for such a long period that the time left to the assured after termination of the negotiations was not a reasonable time within which the action could be brought. Turner v. Bankers & Shippers Ins. Co. of N. Y., La.App.1939, 187 So. 122; Bankhead Drilling Co. v. Rhode Island Ins. Co., supra; Thompson v. Phenix Ins. Co., 1890, 136 U.S. 287, 298, 299, 10 S.Ct. 1019, 34 L.Ed. 408; and Howard v. West Jersey & S. S. R. Co., E. & A.1928, 102 N.J.Eq. 517, 521, 141 A. 755.

■■ The rule in this District was stated by Judge Forman in Holmes v. Westchester Fire Ins. Co., D.C.N.J.1946, 66 F.Supp. 696, 699, that mere negotiations in an endeavor to arrive at an amicable disposition is not sufficient for the application of the doctrine of waiver or estoppel. Continental Ins. Co. v. Fire Ass'n, 6 Cir., 1945, 152 F.2d 239, 240; and Reynolds v. Detroit Fidelity & Surety Co., 6 Cir., 1927, 19 F.2d 110. When there are no allegations of promises to pay, concealment, bad faith, fraud, misrepresentation or other facts to mislead the insured or to lull it into a false sense of security, the court will not interfere with the agreed limitation.

■ There is no evidence of any factors present in the cases cited above which would influence the court in this case to disregard the contractual limitation. In fact, a disclaimer was mailed to the plaintiff and its attorney 10 days before the expiration of the limitation. There is only a statement in plaintiff's memorandum that "the insurance company held examinations of Sherwood, its officers, agents and employees, and its records * * * on 5 specified dates, the last on May 16, 1950, and also a statement that "Sherwood cooperated with the insurance company in confident expectation of a settlement of its claims * * *", but no proof is made that the insurance company did anything to inspire such confident expectation. Again in plaintiff's reply to defendant's affirmative defense, plaintiff states that the defendant "misled the plaintiff into believing said loss would be settled * * *" but no substantiating facts are stated.

The plaintiff sets June 3, 1949, as the latest date upon which the loss, disappear-

ance, or theft of certain jewelry items occurred. The contractual limitation, therefore expired on June 3, 1950. The date of last examination performed by defendant was May 16, 1950. On May 23, 1950, defendant sent a letter of disclaimer to both the plaintiff and plaintiff's attorney, and the registered return receipts dated May 24, 1950, and signed by plaintiff's agent and plaintiff's attorney were exhibited to the court. Plaintiff did not bring suit until June 16, 1950, 23 days after receiving letter of disclaimer and 13 days after expiration of the contractual limitation. No reason has been shown why suit could not have been instituted within the 10 days remaining after the disclaimer was received and before the expiration of the contractual limitation.

The motion to dismiss the complaint must be granted, and judgment will be entered accordingly.

The foregoing shall be taken as the findings of fact and conclusions of law.

An order may be submitted in conformity with the findings and conclusions herein expressed.