■ HENRY B. DUBINS et al., Appellants, v. BOSTON INSURANCE COMPANY, Respondent.— REYNOLDS, J. Appeal from a judgment and order of the Supreme Court, Albany County, dismissing appellants' complaint on the merits. Appellants commenced the instant action to recover $2,122 upon a fire and theft insurance policy. Respondent, pointing out that the date of the burglary was February 24, 1959 and that the action was not started until April 22, 1960, raised as an affirmative defense a requirement contained in the policy that actions thereunder must be "commenced within twelve months next after the

inception of the loss." (Insurance Law, § 168, subd. 6.) There is no question that Special Term correctly held that the period commenced to run from the time of the burglary rather than as appellants contend the expiration of the period for filing proof of loss (*Proc* v. *Home Ins. Co.*, 17 N Y 2d 239). Appellants, however, also urge that respondent during the course of the ensuing year had lulled them into inactivity by causing them to think that a previous rejection of their claim was being reconsidered and had thereby waived the raising of the limitation period. The facts involved are not seriously disputed. On June 2, 1959 respondent's counsel examined the appellant husband under oath. Thereafter respondent's counsel orally on July 29 and in writing on July 30 informed appellants that their claim was rejected. Moreover sometime in August upon appellant husband's inquiry at respondent's Albany office he was told by one Bergeron, respondent's claims manager, that the claim was rejected and that he, Bergeron, did not wish to discuss the matter. In October appellants retained counsel after obtaining statements from two jewelers regarding the existence and worth of the ring. Appellants' attorney in turn called Bergeron, who on being informed of the statements, indicated that the company would be interested in receiving proof as to the existence of the diamond ring and its value. There followed next on November 9, 1959 a letter from Bergeron to appellants' counsel in which Bergeron confirmed the company's interest in seeking the statements but which specifically made no commitments. Ensuing discussions between Bergeron and appellants' counsel were inconclusive, Bergeron stating that he had not heard from the company yet and that there had been no change in the company's position. Bergeron, however, did not indicate specifically that the company had again rejected the claim subsequent to November 9, 1959. However, on February 5, 1960 (still more than 2 weeks prior to the expiration of the 12-month period) respondent's counsel on forwarding a copy of the minutes of appellant husband's examination to appellants' counsel wrote "As you know, this is a rejected claim and the company waives none of its rights in forwarding this to you since the rejection was made some time ago and still stands as I explained to you on the phone." In our opinion Special Term correctly held that these facts were insufficient to raise a triable issue as to waiver of the limitation provision (*Fotochrome* v. *American Ins. Co.*, 26 A D 2d 634). Judgment and order affirmed, without costs. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur; Taylor, J., not voting.