102 N.J. Super. 357 (1968)
246 A.2d 52
ARTHUR A. PELOSO AND MARILYN PELOSO, PLAINTIFFS,
v.
HARTFORD FIRE INSURANCE COMPANY, A CONNECTICUT CORPORATION, AND SOPHIE STEIN SCHILLER, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 10, 1968.
*360 Mr. Eugene D. Molinaro, for the plaintiffs.
Mr. William B. McGuire, for defendant, Hartford Fire Insurance Company (Messrs. Lum, Biunno & Tompkins, attorneys).
MEHLER, J.S.C.
This is a motion for summary judgment by Hartford Fire Insurance Company (herein defendant) against plaintiffs on the ground that this action was not commenced within the time limitation provided in a fire insurance contract which is the subject of this suit. The material facts are not in dispute. In support of its motion, defendant relies on the pleadings, answers to interrogatories of plaintiff Arthur A. Peloso and an affidavit of defendant's counsel. Plaintiffs have filed no affidavits or other proofs in opposition.
Defendant insured plaintiffs' premises, which were damaged by fire on September 12 and 13, 1965. At the time of the fire, the premises were mortgaged to the defendant Schiller, who was named as a co-insured in the insurance policy. Plaintiffs gave prompt notice of the fire and resultant damage to defendant, which then advised them that it intended to investigate the claim, following which notice would be given of its decision. Between November 1965 and March 1966, plaintiffs were informed by defendant, in response to inquiries made by them with regard to their claim, that it was being investigated. In February, plaintiffs' counsel informed defendant in writing that unless the claim was immediately adjusted, suit would be commenced. In response, plaintiffs were notified to submit to depositions, as required by the policy, which they did in April. When in May plaintiffs' attorney called defendant's counsel to ascertain the status of the claim, he was told that defendant would be advised to reject the claim, and it was suggested that plaintiffs *361 start suit on the policy. Early in June Mr. Peloso, stating that he was no longer represented by counsel, called William P. McGuire, Esq., a member of the law firm representing defendant, and was told by him that the company was denying liability. When Mr. Peloso requested Mr. McGuire to put this in writing he did so by letter dated June 15, 1966, in which he said that pursuant to reports furnished by him to defendant, "liability has been declined insofar as the loss of September 12-13, 1965 is concerned. Please be guided accordingly". In July, defendant's position was reaffirmed by Mr. McGuire in telephone talks with Mr. Peloso. The latter ended their final conversation on July 21 by stating he would sue, and was told in turn that this would be the appropriate course to take. At no time did defendant furnish plaintiffs with a blank form of proof of loss or demand or receive a proof of loss from them.
Plaintiffs did nothing further about their claim until March 10, 1967, when they instituted this action to recover for their loss. The complaint was filed some eighteen months after the date of the fire and approximately nine months after plaintiffs had received Mr. McGuire's letter. By way of separate defense in its answer and now by this motion, defendant claims that the action is barred by virtue of the following provision of the insurance contract, the terms of which are expressly required by N.J.S.A. 17:36-5.20 which was enacted in 1954:
"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after the inception of the loss."
Plaintiffs resist the motion on two grounds. They contend that under the circumstances present here, they were unable to bring suit until June 16, 1966, the date on which they received Mr. McGuire's letter declining liability, that their cause of action did not therefore accrue on the date of the fire, and that they are within time, since they started this *362 action within twelve months of receipt of the letter. They also argue that even if the above-quoted provision of the policy required that they start suit within twelve months from the date of the fire, recovery should not be barred because defendant either waived its rights under this provision or should be estopped by its conduct from presenting this defense.
Courts in many jurisdictions have held that the words "inception of the loss" mean the occurrence of the casualty or event insured against, and that the prescribed period within which suit thereon may be brought is measured from the date of the damaging event, rather than from the date of the denial of liability or from sixty days after the fire when the company could first be liable for payment under loss payable provisions. See Sager Glove Corporation v. Aetna Insurance Company, 317 F.2d 439 (7 Cir., 1963); General Insurance Co. v. Lee Chocolate Co., 97 Ga. App. 588, 103 S.E.2d 632 (Ct. of App., 1958); Olsen Enterprises, Inc. v. Citizens Insurance Company of New Jersey, 255 Iowa 141, 121 N.W.2d 510 (Sup. Ct., 1963); Ramsey v. Home Insurance Company, 203 Va. 502, 125 S.E.2d 201, 95 A.L.R.2d 1019 (Sup. Ct., 1962); Proc v. Home Insurance Company, 17 N.Y.2d 239, 270 N.Y.S.2d 412, 217 N.E.2d 136 (Ct. of App., 1966); Margulies v. Quaker City Fire & Marine Ins. Co., 276 App. Div. 695, 97 N.Y.S.2d 100 (App. Div., 1950); Boyd v. Bankers & Shippers Insurance Company, 245 N.C. 503, 96 S.E.2d 703 (Sup. Ct., 1957); Naghton v. Maryland Casualty Company, 47 Ill. App.2d 74, 197 N.E.2d 489 (Ct. of App., 1964). Although we have not been cited to or found any reported opinion of any court of our state in which the precise words of the quoted provision of the policy have been construed after debate, it was recently said in Warren v. The Employers' Fire Insurance Company, Boston, Mass., 100 N.J. Super. 464 (App. Div., 1968), that the quoted clause "was unambiguous" and "required" that suit for the loss there claimed "be instituted within 12 months thereafter". In Sherwood Jewelers-Newark, *363 Inc. v. Philadelphia National Insurance Co., 102 F. Supp. 103 (D.C.N.J., 1952), which involved a policy written before N.J.S.A. 17:36-5.20 was enacted, the court rejected the contention that the period of limitations began to run on the date the company declined liability and held that the action was barred since it was "not commenced within twelve months after the date of the occurrence which [gave] rise to the loss", as provided in the policy.
Plaintiffs contend that where no form of proof of loss is furnished by the company or proof of loss is not demanded by it, the twelve-month period runs from the denial of liability by the insurance company, rather than from the date of the fire. They argue that the quoted provision provides that no action for the recovery of any loss is sustainable unless all the requirements of the policy shall have been complied with. Among these, they say is the obligation imposed upon them by the statute (N.J.S.A. 17:36-5.20) and policy to render a proof of loss to the company within sixty days after the loss unless the company extends the time. They also point to the provision that the company is not liable to pay until sixty days after proof of loss is received by it. The provisions relied upon read as follows:-
"The insured shall give immediate written notice to this Company of any loss * * *; and within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss; * * *.
"The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided."
In support of their position that where no form of proof of loss is furnished or proof is demanded the twelve-month period runs from the denial of liability by the insurance company, plaintiffs rely heavily upon Phoenix Insurance Company v. Brown, 381 S.W.2d 573 (Ct. of App. Tenn., *364 1964), certiorari denied by the Tennessee Supreme Court. (See 381 S.W.2d 573.) There, as here, the policy required that a proof of loss be filed within sixty days after the loss, that the loss be payable sixty days after proof of loss is received, and that no action on the policy shall be brought unless all requirements of the policy have been met and unless suit is begun within twelve months after the date of the loss. The fire occurred in September, 1961. No form of proof of loss was ever furnished by the company and no proof was filed by the insured. The company neither denied nor admitted liability for five months, at the end of which time it denied liability. Suit was begun sixteen months after the fire. In holding that the action was not barred, the court said:
"We think there is applicable here the following statement in Hill v. Home Ins. Co., 22 Tenn. App. 635, 641, 125 S.W.2d 189, 192:
"`A provision limiting suit or action on the policy to "twelve months next after the date of loss" means twelve months "after the cause of action accrues". * * *
"`The policy here in question contained provisions for notice and proof of loss to be furnished by the insured to the insurer within sixty days from the date of the loss, which, in effect, afforded the insurer immunity from suit for such period of sixty days, and thereby postponed the accrual of the cause of action accordingly.
"`But defendant's absolute and unconditional denial of liability on the policy, in its letter to complainant of date February 12, 1934, was a waiver by defendant of the provision of the policy which afforded it immunity from suit for sixty days after the loss, and complainant's right to sue accrued when liability was thus denied by defendant.'"
The court then continued:
"As we have seen, defendant failed either to admit or deny liability until at least five months after the fire occurred. No formal proof of loss was ever demanded or furnished. Denial of liability terminated defendant's immunity from suit and on that date the right to sue accrued (citing case). Until that time plaintiffs could not know whether proof would be demanded. Suit was brought well within twelve months thereafter.
"It should be pointed out that the Company is not attempting to defeat recovery because proof of loss was not furnished within 60 days after the fire occurred or thereafter.
*365 "In addition to the foregoing, under the terms of the policy above copied, the Company had sixty days after `ascertainment of the loss' either by agreement or arbitration award filed with the Company within which to pay the loss. The loss was never so ascertained and it follows that the right of action did not accrue until the denial of liability by letter to Elsie Brown." (at pp. 574-575)
Several other courts have held that the phrase "inception of the loss" means the time when a cause of action has accrued to the insured, rather than the date of the casualty. In Finkelstein v. American Ins. Co. of Newark, N.J., 222 La. 516, 62 So.2d 820 (Sup. Ct., 1952), where the policy contained provisions identical with those in the instant case, the court, after referring to a statement in 29 Am. Jur., Insurance, § 1397, that there is a sharp conflict in the cases on the question when the time begins to run, held that the twelve-month period commenced when the cause of action accrued. It did so after pointing out that the insured was required to render a very detailed proof of loss within sixty days after its occurrence and that the insurance company was immune from suit until sixty days after ascertainment of the loss either by agreement or by award made by appraisers. It reasoned that an insurance company which benefits by the provisions relating to the filing of a proof of loss and the ascertainment of the loss should not be given the further advantage of successfully invoking a literal compliance with the twelve-month clause of the policy. To like effect, see O'Neal v. The American Equitable Assurance Company of New York, 162 So.2d 384 (Ct. of App., 1964), writ refused 246 La. 366, 164 So.2d 357.
Plaintiffs say, as did the courts in Finkelstein and O'Neal, that the provision in issue not only prescribes a twelve-month limitation period, but also prohibits suit unless all policy requirements shall have been complied with. They contend that one such requirement is the furnishing by defendant of a form of proof of loss after receipt of notice of the loss. They contend that defendant's failure to supply the form prevented plaintiffs from filing their proof of loss and consequently from filing an action on their claim until liability *366 was denied in June, 1966. Plaintiffs' argument is based on an erroneous assumption and also overlooks a statute which renders the cases on which they rely clearly distinguishable from the case under consideration.
The policy, and the statute which prescribes its terms, do not obligate defendant to furnish a claimant with a form of proof of loss. They set forth in detail the information which is required to be submitted by the insured and the manner in which it is to be furnished and verified. No particular form is prescribed. Furthermore, unlike as in Tennessee and Louisiana, the furnishing of a proof of loss is not a condition precedent to the maintenance of an action in this state unless the insurance company demands one in writing. N.J.S.A. 17:36-6 provides as follows:
"The failure of any person, insured against loss or damage by fire in any insurance company doing business under the authority of the department, to furnish proofs of loss shall not be considered a waiver of any rights accruing under the policy of insurance, and shall not debar the person so holding insurance from a recovery under the policy or the collection of the sum which should be paid thereunder, unless after the loss sixty days' notice, in writing, that the company desires the proofs of loss is furnished the insured.
"This section shall not be varied, altered, contradicted or affected by any agreement or contract, but shall remain in full force and effect notwithstanding any provision in any contract of insurance or other agreement to the contrary."
In Margulies v. Quaker City Fire & Marine Ins. Co., supra, 276 App. Div. 695, 97 N.Y.S.2d 100, 102, 103, the court held that a similar provision in a New York statute had "for its purpose the protection of the insured from the consequences of his oversight or neglect in complying with one of the conditions precedent to a recovery under the policy, namely, his failure to file proofs of loss within sixty days after the loss or damage insured against". In Guilekas v. Excelsior Insurance Company, 53 Misc.2d 223, 278 N.Y.S.2d 567 (Sup. Ct., 1967), the court granted the insurance company's motion for summary judgment, and in upholding *367 its position that the tender of proofs of loss has nothing whatsoever to do with measuring the period of limitations, said:
"The commencement of an action on the policy must be within the stated twelve month period whether proofs of loss are furnished and filed or not (Skylark Enterprises, Inc. v. American Central Insurance Co., 13 A.D.2d 707, 214 N.Y.S.2d 68; Dubins v. Boston Insurance Company, 26 A.D.2d 863, 274 N.Y.S.2d 122), unless substantive waiver or estoppel, as opposed to a simple failure to require proofs of loss per se, is established (Proc v. Home Insurance Company, 17 N.Y.2d 239, 245, 270 N.Y.S.2d 412, 416, 217 N.E.2d 136, supra)." (at p. 568)
The better reasoning, supported by the weight of authority, compels the conclusion, and this court therefore holds, that under a proper construction of the policy provision in issue, the twelve-month period within which this action should have been brought is to be measured from the date of the fire and that this suit, having been begun some eighteen months later, is barred unless defendant has waived the benefit of the limitation provision or is estopped from asserting it as a defense.
Plaintiffs contend in their brief that defendant's failure to demand a proof of loss constituted a waiver of the twelve-month provision of the policy; that they relied on the company's action, not knowing what it was going to do until they received its letter denying liability, and that by reason of the waiver, defendant should be estopped from relying on the limitation provision.
An insurer may waive the provisions of its policy or be estopped by its conduct from asserting defenses which otherwise would be available to it. Warren v. The Employers' Fire Insurance Company, Boston, Mass., supra. Although plaintiffs have used the words "estoppel" and "waiver" interchangeably in their briefs and during oral argument, the terms are not synonymous. By waiver is meant the voluntary intentional relinquishment of a known right. Warren, supra. Estoppel, as distinguished from waiver, rests "upon the principle *368 that where anyone has done an act, or made a statement, which it would be a fraud on his part to controvert or impair, because the other party has acted upon it in the belief that what was done or said was true, conscience and honest dealing require that he not be permitted to repudiate his act or gainsay his statement". Freeman v. Conover, 95 N.J.L. 89, 93 (E. & A., 1920). See also Bowler v. Fidelity & Casualty Company of New York, 99 N.J. Super. 184 (App. Div. 1968).
Plaintiffs have submitted no proofs which support their contentions that defendant should be precluded by waiver or estoppel from relying on the limitation provision. There is no proof that defendant did or said anything between the time of the fire and the company's denial of liability which induced or could reasonably have induced plaintiffs to believe that they were going to be paid and should therefore defer suit, or which prevented them from starting suit within time. They rely principally on Fredericks v. The Farmers Reliance Insurance Company of New Jersey, 80 N.J. Super. 599 (App. Div. 1963). That case is distinguishable, for there the insurance company wrongfully withheld a copy of the policy from the insured, which prevented him from learning of the limitation provision of the policy. Accordingly, defendant is not estopped from relying on the limitation provision as a defense. Nor is there any evidence that defendant voluntarily and intentionally waived any of its rights under the provision. Those rights were asserted at defendant's first opportunity, that is, when it filed its answer. Failure to demand a proof of loss does not constitute a waiver.
In Fotochrome, Inc. v. American Insurance Company, 26 A.D.2d 634, 272 N.Y.S.2d 446 (App. Div. 1966), defendant moved for summary judgment on the ground that an action on a burglary policy was not commenced until almost fifteen months after the event. Plaintiff claimed that there was a triable issue of fact as to whether the one-year requirement for commencing an action had been waived and whether by its conduct defendant was estopped from asserting *369 the time limitation as a defense. In support of its position, plaintiff contended that the claim was not processed in accordance with the conditions of the policy in that no sworn proof of loss was furnished by plaintiff or demanded by defendant; that he was examined under oath; that defendant had never rejected the claim and its adjuster had stated on numerous occasions, the last of which was ten days before the twelve-month limitation period expired, that the claim was being investigated and that no decision had as yet been made with respect thereto. In reversing an order which denied the motion for summary judgment, the court said:
"We are of the opinion that the facts stated are insufficient to raise a triable issue as to waiver of the limitation provision. There is no indication that plaintiff was misled or lulled into inactivity by the defendant's conduct. It therefore follows that defendant was not estopped from raising the limitation provision as a defense." (at p. 448)
Plaintiffs make one further assertion. Although they have submitted no proofs of any kind, there are vague references in their brief to negotiations between Schiller, their mortgagee, and defendant's agent to pay the loss to the mortgagee if she would assign her mortgage to defendant. There is no contention that this misled the plaintiffs in any way. Mere negotiations, even between the insurer and the insured, without more, cannot form the basis for an estoppel, for if they did, they would chill and frustrate settlement efforts. Even if negotiations between defendant and Schiller had occurred, there is no evidence that anything was said or done by defendant or on its behalf which induced or could reasonably have induced plaintiffs to defer suit beyond September 12, 1966. Plaintiffs were on notice on June 16, 1966, when they received defendant's letter, that it was declining liability. Three months still remained within which to sue, yet plaintiffs, without showing why suit was not or could not have been instituted within that period, did not *370 file its complaint until approximately nine months after the letter was received.
In the light of the facts, it cannot be said that defendant voluntarily and intentionally relinquished its right under the limitations clause or that by its conduct it should be precluded from asserting the benefit of its provisions.
All of plaintiffs' objections are without merit. Since there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law, its motion for summary judgment as to plaintiffs is granted.