505 So.2d 1021 (1987)
C.L. HARDY, Jr., and T. Lawrence Hunt
v.
FIRST NATIONAL BANK OF VICKSBURG.
No. 56608.
Supreme Court of Mississippi.
April 22, 1987.
*1022 Kenneth B. Rector, Teller, Chaney & Rector, Oscar P. LaBarre, LaBarre & LaBarre, Vicksburg, for appellants.
James R. Sherard, Vicksburg, for appellee.
Before HAWKINS, P.J., and PRATHER and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
Defendants Hardy and Hunt, guarantors on a loan issued by plaintiff, the First National Bank of Vicksburg, appeal a decision by the Warren County Circuit Court holding them presently liable on their Continuing Guaranty Agreements. Because we find the subsequent foreclosure sale of property placed as collateral on the loan in no way diminished guarantors liability following default on the principal agreement, we affirm the trial judge's decision awarding plaintiff judgment in the amount of $12,474.85 to be paid jointly and severally by defendants.
On October 16, 1981, the Orange Group, Inc., and its president, Charles B. Kiser, individually, signed a note to the First National Bank of Vicksburg in the amount of $210,000 due and payable with interest 180 days from that date. The note listed as security for the loan in a separate agreement reached on that same date certain gems (held in trust by the Bank) as well as a deed of trust to land located in the Benard Acres Subdivision.
In connection with this loan, the bank requested and received the personal guaranty of Kiser, Hardy, Hunt, Glover T. Warner, and Philip C. Gee. These four owned the lots described in the deed of trust, which they sold to The Orange Group, Inc., and were indebted to the Bank at the time of the sale. Each signed a document entitled "Continuing Guaranty", as well as an agreement limiting the sum to $60,000 provided certain conditions precedent were met.[1] This latter form was prepared by the bank as well.
Neither The Orange Group nor Kiser paid the note or any part thereof when it became due and the bank foreclosed on its deed of trust and acquired the property for the sum of $150,000.00 which was credited on the Kiser-Orange Group note.
The Bank, on April 11, 1984, filed suit against Kiser, Hardy, Hunt, Gee and Warner on the note and the guarantys. Answers and motions were also filed on behalf of all parties except Kiser, who neither personally appeared nor was represented by counsel in this suit.
The court, sitting without a jury, determined that the foreclosure sale of the property did not reduce the principal owed on the note "by agreement", and found defendant *1023 guarantors liable for the remainder of the sum still due on the loan.
In their appeal, Hardy and Hunt assign as error the lower court's decision to enforce their contracts of "continuing guaranty" as well as its refusal to sustain the Rule 12(c) motion for judgment on the pleadings they filed pursuant to M.R.C.P. In support thereof, appellants argue that the terms of the continuing guaranty and limitation agreement forms, taken collectively, establish that they had no liability on the note for any portion of the debt, following its reduction below the stipulated $150,000. See, U.S. for Use and Benefit of Sanford v. Continental Casualty Co., 293 F. Supp. 816 (D.C.Miss. 1968) ("A writing is interpreted as a whole and all writings forming part of the same transaction are interpreted together.") They claim as well that the term "by agreement" is ambiguous and should be construed against the maker  in this case, the Bank. See, Stampley v. Gilbert, 332 So.2d 61 (Miss. 1976) ("When terms of a contract are vague or ambiguous, they are always construed more strongly against the party preparing it.")
While we would agree that appellants' argument is set on solid legal ground, we do not find it to be supported by the facts of this case.
In accord with the judgment of the lower court, we conclude that, in exchange for the Bank extending credit to The Orange Group, Inc., and/or Charles Kiser, defendants gave their personal guaranty on the loan for $60,000, jointly and severally, limited and extinguishable only at a point in time when the principal sum had been diminished by payments applied to the indebtedness, reducing the amount owed by the Group and/or Kiser to the Bank in accordance with the loan agreement.
Further, the judgment of the trial judge and our concurrence with his decision is supported by an affidavit filed by defendant Warner, not a party to this appeal, in which he swore under oath that he, along with Hunt, Hardy, and Gee, had discussed with Jerry Hall, president and chief executive officer of the First National Bank of Vicksburg, their indebtedness owed to the Bank on the Benard Acres property. As a part of this discussion, it was agreed that, while The Orange Group would assume this indebtedness, the Bank would not fully release the four men from liability under their note, but instead would require them to execute unconditional guarantees for $60,000 each. It was further agreed that these unconditional guarantees would be limited. The extent of this limitation allowed that release of the guarantors from liability under the note would occur only when enough lots in the Benard Acres Subdivision were sold and proceeds applied to the indebtedness, all in accordance with the loan agreement.
Hence, while we would support appellants' contention that the instruments should be interpreted collectively, having been executed on the same date and for the purpose of being read in conjunction with one another, we do not find the action by the Bank in foreclosing upon the property placed the guarantors in the position of having been released, nor do we think the terms of the instruments in any way ambiguous or misleading. Any other construction would make appellants' guaranty a complete nullity and leave the Bank with only the price of the land it held as security.
When a circuit judge hears a case sitting without a jury, this Court must affirm the judgment unless the trial court was manifestly wrong. International Harvester v. Peoples Bank & Trust, 402 So.2d 856 (Miss. 1981). The record being replete with evidence in support of the trial judge's finding, we cannot say he was in error, much less manifestly wrong.
There being no merit to appellants' first error assigned, we deem it unnecessary to address the Rule 12(c) motion on the pleadings, which we find to have been properly denied.
The judgment of the lower court is affirmed.
AFFIRMED.
*1024 WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] This agreement reads as follows:

In connection with Continuing Guaranty in the amount of $60,000.00 signed by me this date to secure obligation of The Orange Group, Inc. and/or Charles B. Kiser.
It is understood that my personal liability is reduced in so far as The Orange Group, Inc. and/or Charles B. Kiser's obligation is concerned as the principal of the $210,000.00 note is reduced and when the principal on said note has been reduced by agreement to $150,000.00, my liability is released entirely in so far as the $210,000.00 note made to The Orange Group, Inc. and/or Charles B. Kiser is concerned. (emphasis added)