867 So.2d 262 (2003)
THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Appellant,
v.
Cathy D. HENDERSON, Appellee.
No. 2002-CC-01044-COA.
Court of Appeals of Mississippi.
November 18, 2003.
Rehearing Denied March 9, 2004.
*263 Office of the Attorney General by Mary Margaret Bowers, attorney for appellant.
Eugene Burton Gifford, Booneville, Bradley D. Tennison, attorneys for appellee.
Before McMILLIN, C.J., MYERS and GRIFFIS, JJ.
MYERS, J., for the Court.
¶ 1. Cathy D. Henderson applied for disability benefits from the Public Employees' Retirement System (PERS). Her application was denied. After exhausting administrative reviews, Henderson appealed to the Circuit Court of the First Judicial District of Hinds County. The circuit court reversed the PERS decision, and PERS now appeals to this Court, asserting two issues for our consideration:
I. WHETHER THE CIRCUIT COURT ERRED IN REWEIGHING THE FACTS AND SUBSTITUTING ITS JUDGMENT FOR THAT OF THE ADMINISTRATIVE AGENCY IN FINDING THAT MS. HENDERSON IS ENTITLED TO THE RECEIPT OF DISABILITY BENEFITS.
II. WHETHER THE CIRCUIT COURT ERRED IN DETERMINING THAT MS. HENDERSON PRESENTED SUBSTANTIAL EVIDENCE OF DISABILITY FINDING THAT THE EVIDENCE IS UNCONTRADICTED.

FACTS
¶ 2. Henderson terminated her employment with the Prentiss County School District, where she worked as a teacher's assistant, on May 21, 1998. She had twelve years of service credit. Henderson claimed disability as the result of arthritis and fibromyalgia. She claimed always to be in severe pain, making it difficult for *264 her to write her name or drink a glass of tea. She has not had any special tests for arthritis or x-rays to diagnose her condition. She also claims to suffer from "fainting spells" and from depression, although she has never seen any mental health professional for the depression.
¶ 3. Physicians treated Henderson for pain as far back as 1995. Medical records show that Henderson has had an MRI, and several tests on her heart, all of which found no abnormalities.
¶ 4. PERS first denied Henderson's disability claim after a hearing in March 1999. Henderson then appealed to the circuit court. That court remanded for a consideration of the Social Security Administration's findings of disability. PERS again recommended denying benefits to Henderson. Henderson then appealed again to the Circuit Court of Hinds County. That court found the PERS decision to be unsupported by substantial evidence and to be arbitrary and capricious. The circuit court reversed PERS. Aggrieved by the circuit court's decision, PERS now appeals.

Standard of Review
¶ 5. A reviewing court shall let the decision of an administrative agency stand unless the agency's decision (1) was not supported by substantial evidence, (2) was arbitrary and capricious, (3) was beyond the power of the agency to make, or (4) violated some statutory or constitutional right of the complaining party. URCCC 5.03; Pub. Employees' Ret. Sys. v. Marquez, 774 So.2d 421, 429(¶ 32) (Miss. 2000). It is not this Court's job to determine whether the claimant has presented enough evidence to prove she is disabled, but whether PERS has presented enough evidence to support its finding that the claimant is not disabled. Doyle v. Pub. Employees' Ret. Sys., 808 So.2d 902, 905(¶ 8) (Miss.2002).

Legal Analysis
¶ 6. We find the PERS decision to be supported by substantial supporting evidence, and therefore we reverse the ruling of the circuit court. "Substantial evidence" requires there to be more than a mere suspicion. Pub. Employees' Ret. Sys. v. Ross, 829 So.2d 1238, 1241(¶ 13) (Miss.2002) (citing Marquez, 774 So.2d at 425).
¶ 7. To support its findings, PERS notes that Henderson did not appear to be in pain for the approximately one hour hearing she attended. Additionally, PERS notes that Henderson's cognitive functions, which are not in controversy, appear intact. These observations were made by three medical doctors who also reviewed Henderson's medical records. Some of her conditions, notably fibromyalgia, are controversial in the medical community. In fact, Henderson's physician even noted that he reached this diagnosis only by ruling out every other possible cause of the symptoms Henderson reported.
¶ 8. The circuit court appears to place a good deal of weight on the findings of the Social Security Administration. This is not, alone, determinative of a finding of disability. Id. at 1242(¶ 23). The only other evidence which supports Henderson's case for disability appears to be anecdotal evidence. While we do not require Henderson to prove to us that she is disabled, PERS' decision is supported by much more substantial evidence than in Henderson's claim.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
*265 McMILLIN, C.J., AND SOUTHWICK, P.J., THOMAS, LEE, AND GRIFFIS, JJ., CONCUR. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J., AND BRIDGES, J. IRVING, J., NOT PARTICIPATING.
CHANDLER, J., dissenting.
¶ 10. Because the record contains no evidence to support a finding that Henderson is able to perform the duties of a teaching assistant, I respectfully dissent. It is a fundamental principle of administrative law and due process under the Fourteenth Amendment to the United States Constitution that the decision in an administrative hearing "must rest solely on the legal rules and evidence adduced at the hearing." Goldberg v. Kelly, 397 U.S. 254, 271, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). A denial of disability benefits must be supported by "substantial evidence," and the failure to make a record showing such evidence mandates a reversal and award of disability payments upon appellate review. Public Employees' Ret. Sys. v. Dearman, 846 So.2d 1014(¶ 7) (Miss.2003). See also Public Employees' Ret. Sys. v. Marquez, 774 So.2d 421(¶ 34) (Miss.2000).
¶ 11. In this case, the record contains approximately forty-five pages of a transcript from an administrative hearing and approximately 240 pages of documentary evidence consisting mostly of medical records. At the administrative hearing, PERS called a single witness, who testified simply that the circuit court had remanded this cause back to PERS, pending a ruling by the Social Security Administration on whether Henderson was eligible for federal disability benefits, and that at the time of the hearing Henderson had been ruled disabled and was eligible for approximately $405.23 in monthly federal disability benefits. The only other witnesses who testified were Henderson, her husband and her son, all of whom testified to the effect that she could not perform her duties as a teaching assistant. The documentary evidence, including the medical opinions and treatment recommendation shows that Henderson is disabled. Her treating physician noted that he believed Henderson was unable to work due to her medical condition. No physician record or lay testimony contradicted that opinion. The Prentiss County School District, Henderson's employer, indicated both that Henderson was unable to perform her job duties due to her medical impairments, and that it had not offered Henderson an alternative employment position with duties that she could perform. In sum, the evidence incontrovertibly showed Henderson was medically unable to continue her employment.
¶ 12. The Disability Appeals Committee stated in its final decision denying benefits that "[Henderson] indicated a willingness on the part of the school to make accommodations, such as getting her a different chair." But, this statement is directly contradicted by the record. Henderson testified that while she attempted to assist students while sitting in her chair, the chair was too high for her to reach the elementary school desks, and the chair's seat could not be adjusted. One of the physicians employed by PERS to be on its Disability Appeals Committee asked Henderson in the hearing whether the school had offered a different chair, and she responded that the employer had not offered a different chair because "[t]hey didn't have any and we asked. They just didn't have any extra." And she stated, "I tried everything I could within the room." While it is possible that some assistive technology might have assisted Henderson in continuing employment, and while providing such assistance might well have been good employment and medical practice, *266 the role of an agency in an administrative hearing is not to substitute its own judgment without regard to the facts and evidence contained in the record.
¶ 13. The circuit court was correct in its finding that "the medical board and Disability Appeals Committee is both arbitrary and capricious." This case is factually and legally indistinguishable from Marquez, 774 So.2d at (¶ 34). I would affirm.
KING, P.J., AND BRIDGES, J., JOIN THIS SEPARATE WRITTEN OPINION.