KING, C.J.,
for the Court.
¶ 1. This appeal arises from an order entered by the Circuit Court of Hinds *1152 County on June 23, 2004. Linda Burt sought disability benefits from the Public Employees’ Retirement System of Mississippi (PERS). The PERS Medical Board reviewed Burt’s application, but subsequently denied her claim for disability benefits on July 27, 2000. Burt appealed that decision to the PERS Disability Appeals Committee (Committee). The Committee held a hearing on September 14, 2001. The Committee presented its recommendation to the PERS Board of Trustees (Board), and the Board denied Burt’s request. Burt appealed to the Hinds County Circuit Court which reversed the order of the Board of Trustees and granted disability benefits to Burt. PERS raises the following issues on appeal:
1. Whether the circuit court erred in setting aside its order of dismissal for failure to prosecute.
2. Whether the circuit court erred in finding that there was sufficient evidence of disability and by reweighing the evidence by finding the order of the Board of Trustees of the Public Employees’ Retirement System denying Appellant’s claim for disability arbitrary and capricious?
FACTS
¶ 2. Burt was employed as a licensed practical nurse at the University of Mississippi Medical Center for nearly twenty-three years. She ended her employment on January 29, 2000. Burt cited doctors’ orders as the reason for her resignation. Burt was diagnosed with sarcoidosis, an autoimmune disease, in 1979. She was also diagnosed with Crohn’s disease, an inflammatory disease of the gastrointestinal tract, several years before ending her employment. Burt also suffered from osteoporosis and sarcoiliitis, inflammation of the joints which connect the spine to the pelvis. After ending her employment, Burt requested and was denied disability benefits from PERS.
DISCUSSION
1. Whether the circuit court erred in setting aside its order of dismissal for failure to prosecute.
¶ 3. On November 8, 2001, Burt filed a notice of appeal in the Hinds County Circuit Court. On October 18, 2002, PERS filed a motion to dismiss citing Burt’s failure to prosecute since she failed to timely file her brief with the court. On October 18, 2002, the circuit court granted PERS’ motion to dismiss. Burt subsequently filed her appellate brief in the circuit court on Oct. 23, 2002. Then on November 4, 2002, Burt moved for reconsideration of the dismissal. On November 13, 2002, the court granted Burt’s motion and set aside the order dismissing the appeal. The order stated, “Having reviewed the submission of the Plaintiff and being otherwise thoroughly advised in the premises, the court finds that although the appellant [sic] brief was not filed with the court, the clerk’s filing indicates that Appellant timely file [sic] her brief before the extended deadline allowed by the court.”
¶ 4. According to the Mississippi Rules of Civil Procedure, a trial court may relieve a party from an order when there has been an accident or mistake. M.R.C.P. 60(b). This Court employs the abuse of discretion standard in reviewing a trial judge’s decision to grant Rule 60(b) relief. Pulliam v. Smith, 872 So.2d 790, 794(¶ 7) (Miss.Ct.App.2004).
¶ 5. PERS argues that Burt’s brief was untimely filed and that the circuit court judge was mistaken in her belief that an order had been entered granting Burt an extension of time in which to file her brief. In its order setting aside the dismissal and reinstating Burt’s case, the *1153 court stated that Burt had timely filed her brief before the court’s extended deadline expired. PERS contends that the order granting Burt an extension of time is nonexistent, and as such, Burt could not have filed her brief within this fictitious time alluded to in the court’s November 13, 2002 order.
Where a trial judge sits without a jury, the trial court’s factual determinations will not be disturbed where the record contains substantial supporting evidence. The entire record must be examined and that evidence which supports or reasonably tends to support the findings of fact made by the trial judge together with all reasonable inferences which may be drawn therefrom and which favor the lower court’s findings of fact, must be accepted.
May v. Harrison County Dept. of Human Services, 883 So.2d 74, 77(¶ 10) (Miss.2004). A review of the certified copy of the docket entries reveals that on October 18, 2002, Burt filed a motion for additional time in which to file her brief. Although PERS complains that the court never actually granted Burt an extension of time, the court explicitly stated in its order that it had granted an extension. While no such extension appears in the record, we find that the judge’s reference to the extension in his order, combined with the October 18, 2002 docket entry is substantial evidence to support the trial judge’s determination that an extension was granted and that Burt filed her brief within that time. Therefore, the circuit court did not err in reinstating Burt’s appeal. ■
2. Whether the circuit court erred in finding that there was sufficient evidence of disability and by reweighing the evidence by finding the order of the Board of Trustees of the Public Employees’ Retirement System denying Appellant’s claim for disability arbitrary and capricious?
¶ 6. There is no dispute that Burt suffers from various ailments. There is also no dispute that Burt sought treatment for these ailments. The pertinent question Burt was required to address in order to receive disability benefits from PERS was whether these ailments rendered her disabled as defined by Mississippi Code Annotated § 25-11-113. The statute defines disability as follows:
[T]he inability to perform the usual duties of employment or the incapacity to perform such lesser duties, if any, as the employer, in its discretion, may assign without material reduction in compensation, or the incapacity to perform the duties of any employment covered by the Public Employees’ Retirement System (Section 25-11-101 et seq.) that is actually offered and is within the same general territorial work area, without material reduction in compensation.
¶ 7. A little more than one hundred pages of doctors’ notes appear in the record. The notes cover Burt’s medical history from 1988 through 2000. The notes reveal that Burt has Crohn’s disease, sar-coidosis, sarcoiliitis, osteoporosis, and anemia. The most serious reports regarding Burt’s condition pertain to her Crohn’s disease. Burt was admitted to the University of Mississippi Medical Center on April 5, 1999. She arrived complaining of severe abdominal pain, nausea, vomiting, and a watery bowel movement. During her stay, Burt was treated with several medications which relieved the abdominal pain, and her diet was monitored until she was able to tolerate a regular diet without problem. Burt was discharged on April 7, 1999. The discharge disposition stated in part that Burt could resume activity ad lib. On May 21, 1999, Burt was again admitted to the hospital with abdominal pain, nausea, *1154 and vomiting. Included in the record of her physical examination, the doctor noted that her extremities were within normal limits of muscle strength and tone. On May 24, 1999, Burt’s doctor noted, “The patient reported that she had had no abdominal pain on that day nor the day before. She stated that she was tolerating her diet well and was completely without complaints.” Furthermore, her discharge condition was “noted to be excellent.” The records of these two flare-ups of Crohn’s disease appear to be the most severe periods documented and the only instances in which Burt was hospitalized. The remainder of the medical records primarily deals with various check-ups, many of which were characterized by the examining physician as “unremarkable.”
¶ 8. In her notice of appeal to the Board, Burt stated that she suffers from osteoporosis and sarcoidosis, and that the stress at work has made it impossible for her to continue work. She also cited doctor’s restrictions. However, at the hearing Burt’s primary complaint was pain in her arms, legs, neck, and back. Burt claimed that Dr. Jackson ordered her to refrain from lifting and bending. She also testified that this order had been documented, but no such documentation appears in the record. Dr. Meeks, a doctor on the Committee, asked Burt what exactly prevented her from being able to work. Burt responded that, due to her pain, she could not provide total patient care at all times because she could not lift or turn patients. Dr. Meeks then asked what Dr. Jackson recommended she do about this problem. Burt stated that Dr. Jackson referred her to a rheumatologist. However, Burt had not visited a rheumatologist as of the date of the hearing.
¶ 9. When Dr. Blackstone, another doctor on the Committee, asked why Dr. Jackson ordered her to refrain from lifting and bending, Burt stated that she has low bone density and could potentially break a bone. She stated that she could probably lift twenty pounds at most. Burt also stated that part of her arm pain is due to a fracture she suffered several years back, but the pain is controllable by wearing a brace for a couple of days. The only medical documentation in the record referring to any hand, arm, or shoulder pain is a note by Dr. Jackson from 1988, some twelve years prior to Burt’s resignation. Dr. Blackstone asked Burt if she did not have to lift or bend could she do other parts of her job. Burt replied that she could not perform any of her previous job functions continuously. When Dr. Meeks asked why Burt thought she could not even do any charting, Burt replied because of cramping in her hand.
¶ 10. Regarding the Crohn’s disease, Burt stated that she had about two flare ups per month, and she was unable to work during a flare up. Dr. Meeks then noted that after reviewing both Dr. Jackson and Dr. Donelson’s notes, it appeared that Burt’s Crohn’s disease was under control. Burt then stated that she was able to control the flare ups by adjusting her diet and drinking more liquids.
¶ 11. In her appeal to this Court, Burt relies heavily on the Employer’s Statement of Job Requirement form and the Statement of Examining Physician forms required by PERS for disability application. On the Employer’s Statement of Job Requirement form, her employer was asked to mark the appropriate reason for termination. Burt’s employer marked the option “terminated due to poor performance due to disability.” Beneath this statement, the employer wrote, “Crohn’s — stomach pains due to stress; sarcoidosis — neck, back, hip, leg pains.” The employer was then asked to state the specific duties that the applicant can no longer perform due to *1155 the alleged disability. The employer stated, “Due to pain, unable to give complete care for patients at all times.”
¶ 12. On the Statement of Examining Physician form, Dr. Jackson was asked to list all positive and pertinent findings from a physical examination of Burt. Where the form requested the physician describe the applicant's general appearance, Dr. Jackson noted “NAD (followed by two illegible marks) movement.”[1] The form also requested that the physician note any physical findings regarding the applicant’s head and neck, eyes, ears, chest, cardiovascular and respiratory systems, abdomen, mental and nervous system systems, skin, endocrine, and extremities. Jackson noted only “trigger point at SI joint tenderness” under the section for extremities. When asked to give a diagnosis of the applicant, Jackson stated that Burt suffers from chronic sarcoidosis of moderate severity, chronic Crohn’s disease of moderate severity, and severe sarcoiliitis. Jackson also stated that Burt has anemia and osteoporosis, but did not list the severity of either. In the conclusion section of the form, the following items appear: (1) Do you consider the disability permanent, that is, of probable long duration? (2) Give reason for conclusion. Dr. Jackson concluded that he considered Burt’s conditions to be permanent because the diseases are incurable. The conclusion also required the physician to state whether the applicant can drive a car, climb stairs, and/or walk for short distances. Dr. Jackson did not mark yes or no for either of the first two choices, but indicated that Burt could walk for short distances.
¶ 18. Dr. Donelson, who treated Burt only for the Crohn’s disease, concluded on the Statement of Examining Physician form that she considers Burt permanently disabled because Crohn’s disease is a chronic disease. Dr. Donelson also concluded that, in her opinion, Burt could drive a car, climb stairs, and sometimes walk for short distances.
¶ 14. PERS’ order denying disability benefits stated that the Board recognized that Ms. Burt suffers from Crohn’s disease, but it was unable to base occupational disability on the testimony and evidence provided by Ms. Burt. The Board commented on Burt’s medical records and found that they contained absolutely no support for the severity of pain to which Burt testified. Particularly, the Board noted that the during the doctors’ visits closest in time to Burt’s resignation, neither doctor noted any acute or disabling pain. As to Dr. Jackson and Dr. Donel-son’s conclusion in the Statement of Examining Physician forms that Burt is permanently disabled, the Board opined that the doctors were documenting the permanency of a medical condition and not that of employment. The Board found it peculiar that her doctors would allow her to continue working if her pain were as severe as she described in her testimony.
¶ 15. In reversing the Board’s decision to deny Burt disability benefits, the court found that Burt presented substantial evidence of permanent disability which precluded her from continuing work. The court went on to state, “PERS has not presented sufficient evidence to rebut such medical findings of disability.” However, “it is not this Court’s job to determine whether the claimant has presented enough evidence to prove she is disabled, but whether PERS has presented enough evidence to support its finding that the *1156 claimant is not disabled.” Pub. Employees’ Ret. Sys. v. Henderson, 867 So.2d 262, 264(¶ 5) (Miss.Ct.App.2003) (citing Doyle v. Pub. Employees’ Ret. Sys., 808 So.2d 902 (Miss.2002)). As our supreme court recently stated, “Sorting through voluminous ... medical records, then determining whether an individual is permanently disabled is better left to physicians, not judges.” Pub. Employees’ Ret. Sys. v. Howard, 905 So.2d 1279, 1287(¶ 23) (Miss.2005).
¶ 16. This Court may only review an administrative agency’s order to determine whether the order was (1) supported by substantial evidence, (2)arbitrary or capricious, (3) beyond the power of the lower authority to make, or (4) violated some statutory or constitutional right of the complaining party. URCCP Rule 5.03. “Chancery and Circuit Courts are held to the same standard as this Court when reviewing agency decisions.” Howard, 905 So.2d at 1285 (¶ 15) (citing Miss. State Bd. of Pub. Accountancy v. Gray, 674 So.2d 1251, 1253 (Miss.1996)). Courts reviewing administrative agency decisions are precluded from reweighing the facts of the case. Id. (citing Pub. Employees’ Ret. Sys. v. Marquez, 774 So.2d 421, 425(¶ 11) (Miss.2000)).
¶ 17. We find that the circuit court impermissibly reweighed the evidence and reversed the Board’s decision by erroneously placing the burden on PERS to rebut the medical findings submitted by Burt. The court concluded that PERS’ denial of disability benefits was not based on substantial evidence and was, therefore, arbitrary and capricious. “ ‘Substantial evidence’ requires there to be more than a mere suspicion.” Henderson, 867 So.2d at 264 (citing Pub. Employees’ Ret. Sys. v. Ross, 829 So.2d 1238, 1241(¶ 13) (Miss.2002)). The three person Committee included two medical doctors who reviewed all of Burt’s submitted medical records, actively questioned Burt at the hearing, and personally observed Burt during her testimony. The Committee’s findings included detailed reasons explaining why they found that Burt’s medical condition did not render her unable to continue her job as a licensed practical nurse. These findings were based on an analysis of Burt’s medical records. We find that PERS’ decision that Burt was not disabled to continue employment was based on substantial evidence.
CONCLUSION
¶ 18. We find that PERS presented sufficient evidence to support its finding that Burt is not disabled under the definition of Mississippi Code Annotated § 25-11-113. PERS’ decision was based on a detailed analysis of Burt’s testimony and medical records. The only proof submitted by Burt that she could no longer perform the usual duties of her employment was her own testimony at the hearing. While Burt claimed that she resigned from her job per doctor’s order, she failed to produce this documentation. It is clear that Burt suffers from several ailments. However, the controlling standard of review requires this Court to base its decision on whether or not PERS’ decision to deny disability benefits was supported by substantial evidence.
¶ 19. For the foregoing reasons, we reverse the decision of the circuit court and reinstate PERS’ order denying Burt disability benefits.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
*1157 LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT WRITTEN OPINION.

. PERS contends that this is an abbreviation for "no apparent distress with or without movement." Burt argues that this interpretation is incorrect, but does not give her own interpretation of the abbreviation.